Dohoney, J.
This case involves a report from the action of a trial justice in allowing a Motion to Stay Proceedings. Certain background is essential to our understanding of the present case. The plaintiff Bixby was the passenger in an automobile involved in an accident on December 29, 1984. The défendant Allstate is the liability insurer for the other vehicle involved in the collision. This suit was instituted alleging violation of General Laws, Chapter 93A in that Allstate engaged in unfair settlement practices. Thereafter, the plaintiff brought suit against the defendant’s insured in what wé will call the underlying action. Subsequently, Allstate filed a Motion to Stay Proceedings in this case which was allowed by the Trial Justice. It is this action which is before us.
I. The first matter to address is whether the appeál is properly before us. Action on a Motion to Stay Proceedings is an interlocutory matter. Cappadona v. Riverside 400 Function Room, Inc., 372 Mass. 167 (1977); Cronin v. Strayer, 392 Mass. 525 (1984); Mancuso v. Mancuso, 10 Mass. App. Ct. 395 (1980). An interlocutory matter may only be reported if the trial justicé deems it appropriate. Mass. Rules Civil Procedure, Rule 64 (d) provides:
(d) Reports of Interlocutory Rulings. Interlocutory rulings may be reported in accordance with the procedure prescribed above in paragraph (c), provided that if the court in its discretion deems it appropriate, such rulings shall be reported without delay to the appellate division. When the court so decides to report such an interlocutory ruling without a delay, it may order that the party requesting the report prepare and file a draft report thereof within a period specified by the court. Failure of a party to comply with such an order shall constitute a waiver of his right to request a report on the ruling at issue.
See Dufresne-Henry v. John R. Murphy Engineering Corporation, 1980 Mass. App. Dec. 126. Here the Trial Justice exercised his discretion to report the case. In view of the nature of the motion, this was entirely appropriate. A motion of this type would clearly be moot if it were to wait for final judgment.
II. The second matter to address is the standard to be applied in a Motion to *119 Stay Proceedings. A Motion to Stay is addressed to the discretion of the Trial Justice. Travenol Laboratories, Inc. v. Zotal, Ltd., 394 Mass. 95 (1985); Taunton Gardens Company v. Hills, 557 F.2d 877 (1st Cir. 1977).
III. In determining whether the judge properly exercised his discretion, we are brought to the substantive issue as to whether a claim for unfair settlement practices may be resolved before the underlying suit against the insured.
This is an area of frequent recent litigation. As more states have enacted legislation regulating unfair settlement practices, litigation has ensued over the right of private individuals to avail themselves of these statutes. The more frequently contested issue is whether there is a private cause of action. See Patterson v. Globe American Casualty Co., 101 N.M. 541, 685 P.2d 396 (1984) for a collection of cases setting forth those jurisdictions which have allowed a private cause of action and those jurisdictions which have not permitted such claims. This issue is easily determined in Massachusetts since General Laws, Chapter 93A, Section 9(1) specifically makes a violation of General Laws, Chapter 176D, Section 3, Clause 9 (regarding unfair settlement practices) an unfair and deceptive practice and thus it is actionable by a private party.
The issue which is much less litigated but which confronts us is whether this action may be resolved independently of or prior to the underlying suit.
The apparent first court to resolve this issue was Royal Globe Ins. Co. v. Superior Court of Butt County, 23 Cal.3d 880, 592 P. 2d 329, 153 Cal. Reporter 842 (1979). There the plaintiff fell at a supermarket. She sued the supermarket and the company which had issued a liability insurance policy (Royal Globe). The court concluded that a private cause of action existed but then stated that the claim may not be joined in the same lawsuit. The reasoning of the court is helpful to us:
Moreoever, unless the trial against the insurer is postponed until the liability of the insured is first determined, the defense of the insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. In addition, damages suffered by the injured party as a result of the insurer’s violation of subdivisions (h) (5) and (h) (14) may best be determined after the conclusion of the action by the third party claimant against the insured. Thus, plaintiffs claim against defendant was brought prematurely and the trial court should have sustained defendant’s demurrer and granted the motion for judgment on the pleadings on that ground.
Subsequently, the issue was presented to the Supreme Court of Appeals of West Virginia in Jenkins v. J.C. Penney Casualty Ins. Co., 280 S.E. 2d 252 (W. Va. 1981). Here the plaintiff suffered minor damage to her motor vehicle and alleged it was caused by the insured of J.C. Penney. She alleged J.C. Penney had not attempted in good faith to settle the case. The Court first determined that a private cause of action existed but held that a direct action against the insurance company cannot be maintained before the underlying claim is settled. Their comments were:
It can hardly be doubted that in a given factual situation there may be some bonafide dispute over what is a fair settlement offer or whether liability is reasonably clear. Given the adversarial nature of the settlement of tort claims, it can be expected that the parties will often disagree as to whether there has been a reasonable attempt made to promptly and fairly settle a claim where the liablity is reasonably clear.
*120 [4,5] To permit a direct action against the insurance company before the underlying claim is ultimately resolved may result in duplicitous litigation since the issue of liability and damages as they relate to the statutory settlement duty are still unresolved in the underlying claim. Once the underlying claim has been resolved, the issues of liability and damages have become settled and it is possible to view the statutory claim in light of the final result of the underlying action. A further policy reason to delay the bringing of the statutory claim is that once the underlying claim is resolved, the claimant may be sufficiently satisfied with the result so that there will be no desire to pursue the statutory claim. Moreover, it is not until the underlying suit is concluded that the extent of reasonable damages in the statutory action will be known. The California court for reasons less explicit than those has reached the same conclusion. Royal Globe Insurance Co. v. Superior Court, supra. We, therefore, conclude that a private cause of action cannot be maintained for a violation of W. Va. Code, 33-11-4(9), until the underlying suit is resolved.
The apparent last court to address the matter was the Supreme Court of Montana in Klaudt v. Flink, 658 P.2d 1065 (Mont. 1983). There the decedent was a passenger in an auto operated by Flink. Flink was apparently intoxicated and admitted criminal violation. The issue before the court was whether the statute gave cause of action against the insurer which could be presented jointly with the underlying civil action. The court held that it could and said:
[4] However, at this point, we must differ with the position adopted by the other jurisdictions which allow an action such as this to be prosecuted only after the insured’s liability has been adjudicated. We believe that the action may be filed and tried before, concurrent with, or after liability has been determined. We see no problems with the possibility of contrary findings in the two actions, the doctrine of res judicata, collateral estoppel or the like because different issues are involved in the two cases. The issue in the action against the insurer for violation of the insurance code is simply an action to determine whether or not the insurer violated its duty of fair dealing in settlement negotiations with the claimant, while the action to determine the ultimate liability of the driver rests on considerations of negligence and comparative negligence.
The obligation to negotiate in good faith and to promptly settle claims does not mean that liability has been determined. Section 33-18-201(6) states that the insurer’s obligation arises when liability has become ‘reasonably clear.’ In evaluating the insurance case, the jury must determine whether the insurer negotiated in good faith given the facts it then had. This consideration is separate and apart from the jury’s ultimate consideration of the merits of any given action.
We have considered whether the result here reached contravenes the purpose of Rule 411, M.R. Evid., on the admissibility of insurance. The rule only prohibits the introduction of insurance where it is offered for the purposeof showing negligenceor liability. Here, the issues to be tried are separate and the rule is not violated.
We realize that many will view this result as harsh. However, the legislature has reacted to what it perceives to be an important *121 problem. Insurance companies have, and are able to exert, leverage against individual claimants because of the disparity in resource base. Justice delayed is often justice denied. Public policy calls for a meaningful solution. The legislature has spoken and we, by this decision, breathe life into the legislative product.
In considering all of these factors, substantial deference should be paid to the Trial Justice. He was in a far better position to assess the possible prejudice to the Defendant as to the status of discovery. He was also better able to determine the prejudice to the plaintiff by having to wait for a possible recovery under his claim for unfair settlement practices.
Therefore, while there appears to be no general rule in Massachusetts as to whether a claim for unfair settlement practices must await the result of the underlying action, plaintiff has failed to show an abuse of discretion in doing so in this case.
Thus, the Report be and hereby is dismissed.