**SIERRA FRIA CORPORATION,**
**et al., Plaintiffs,**

v.

**DONALD J. EVANS (P.C.),**
**et al., Defendants.**

**Civil Action No. 96–10106–MEL.**

United States District Court,
D. Massachusetts.

Dec. 18, 1996.

Roseman & Colin, Richard A. Gross (on brief), Michael Gaffney, Washington, DC, for Plaintiffs.

Williams & Connolly, John K. Villa, David S. Blatt, Washington, DC, Goodwin, Procter & Hoar, James J. Dillon, P.C., Boston, MA, for Defendants.

## MEMORANDUM

LASKER, District Judge.

On October 15, 1996, Findings of Fact and Conclusions of Law were filed dismissing the plaintiff's Complaint. This memorandum disposes of defendants' counterclaim. At my invitation, counsel have submitted letters setting forth their views as to the proper determination of the counterclaim. This memorandum deals with the issues raised by that correspondence.

### I. *WAS THERE A CONTRACT?*

■ Mr. Rocha contends that the discussions and arrangements between him and Mr. Glazer were, as a matter of law, insufficiently detailed to constitute a contract. He cites Mass. *Cash Register, Inc. v. Comtrex Systems Corp.,* 901 F.Supp. 404, 415–17 (D.Mass.1995) in which Judge Saris quotes the Mass. Appeals Court as ruling that, for a contract to exist, "there must be agreement on the essential terms of the transaction in order that the nature and extent of the parties obligations can be determined and, hence, enforced." The question is whether the evidence establishes that that requirement has been met in this case. I conclude that it has.

Mr. Rocha's Complaint itself specifies that the subject matter of the contract was "to prepare and/or supervise the preparation of all documents related to the transaction" and that Mr. Rocha "received the legal advice and assistance of Goodwin." The answer to the counterclaim admits that, at Mr. Rocha's request, Goodwin, Procter performed legal services for Mr. Rocha, and for the companies controlled by him. At trial, Mr. Glazer testified that it was understood that Goodwin, Procter's normal rates would be charged, and that rate has not been challenged.

Finally, Mr. Rocha's Complaint itself affirmatively alleges the existence of an "express or implied contract between the parties."

This combination of admissions and trial evidence is sufficient to prove "the essential terms of the transaction" and to delineate "the nature and extent of the parties obligations" (as those terms are referred to in *Mass. Cash Register, Inc. v. Comtrex Systems Corp.,* 901 F.Supp. 404, 415–17 (D.Mass. 1995)).

Since I find that there was an express contract between parties, there is no basis for my concluding that the rules governing *quantum meruit* claims should be applied or that an equitable determination should be made by the Court.

## II. *NON-ACQUISITION SERVICES PERFORMED BY GOODWIN*

■ Mr. Rocha contends that, in any event, he is not responsible for $28,000 worth of services performed by Goodwin, Procter not related to the hotel acquisition. He argues that these services were not performed for him, but rather for the Beacon Group and Kristijo Jorde, Mr. Rocha's wife. As pointed out in defendants' memorandum, the services performed for Ms. Jorde have already been paid for, and so it appears that the work in question was done solely for the Beacon Group (see D.X. 86 per fn. 6 of Defendants' Memorandum). However, Mr. Rocha was the sole owner of Beacon Group, which became defunct on December 31, 1990 (see Tr. 3(pm) 90). Under the circumstances, he was, therefore, responsible for its obligations. Moreover, it was Mr. Rocha, and only Mr. Rocha, who solicited Goodwin, Procter to perform the services at issue.

Finally, Mr. Rocha's argument that he is not responsible to pay the bills for services performed at his request appears inconsistent with his position on the defendants' motion to dismiss for lack of personal jurisdiction that he is the real party at interest in this case.

## III. *PRE-JUDGMENT INTEREST*

■ Mr. Rocha argues that pre-judgment interest should run only from the date the counterclaim was filed, because there was insufficient evidence to establish the date of the "breach or demand" within the meaning of M.G.L. c. 231, § 6(c). This is incorrect. The presentation of bills by Goodwin was sufficient to establish a "demand" for purposes of M.G.L. c. 231, § 6(c). *See General Dynamics Corp. v. Federal Pacific Electric Co.*, 20 Mass.App. 677, 482 N.E.2d 824, 830.

For the reasons stated above, judgment should be entered on the counterclaim in favor of the defendant in the amount of $135,621.59, together with pre-judgment interest at the statutory rate of 12%.