Brennan, J.
This matter involves claims for breach of contract, negligence, breach of implied warranties and violation of Massachusetts General Laws 93A. Suit was originally filed in Superior Court but was remanded to the District Court. The facts and issues necessary to an understanding of this appeal are as follows:
Gary and Linda Hutton (hereinafter, the plaintiff/appellee) entered into an agreement with American Dream to purchase a modular home. PFS Corporation (hereinafter, the defendant/appellant) is a corporation that was authorized, pursuant to 780 CMR, Appendix Q, to be a third party inspection agency in the Commonwealth of Massachusetts. The home purchased by the plaintiff/appellee carried a sticker issued by defendant/appellant which certified that the home in question had been manufactured in accordance with all applicable Massachusetts building codes.
After the home was delivered, the plaintiff/appellee discovered substantial defects in the structure of the home. Some of those defects were attributed to transporting irregularities, but the majority of the defects were alleged to have occurred during the manufacturing process. Plaintiff/appellee filed an action against American Home, who subsequently failed to appear and was defaulted. Plaintiff/appellee had entered into a written contract with American Dream, but had no agreement, oral or written, with defendant/appellant. Plaintiff/appellee proceeded in an action in contract, negligence, and violation of G.L. 93A against defendant/appellant.
After hearing, the court found that defendant/appellant was negligent and that defendant/appellant had violated the provisions of G.Lx. 93A, §§2 and 9. The court awarded damages of $8,200 and further found that the amount of damages recoverable under Chapter 93A was $25,897.50.
Defendant/appellant appealed the court finding, asserting that the court erred in finding defendant/appellant negligent and that the court improperly found that defendant/appellant violated the provisions of G.Lc. 93A
The issues presented here are whether the court erred in finding the defendant/ appellant negligent, whether the court erred in finding a knowing and willful violation of G.L.c. 93A, §§2 and 9, and whether the court erred in the assessment of multiple damages.
*82 Defendant/appellant alleges that it owed plaintiff/appellee no duty of due care as there was no contractual relationship between them. A duty of care may have existed between plaintiff and American Home. In support of this assertion defendant/appellee asserts that the subject sticker contained the following language.
This label certifies that the manufactured building has been manufactured in accordance with an approved building system and compliance assurance program approved by the Commonwealth of Massachusetts as being manufactured in accordance with all applicable codes and rules and regulations of the Commonwealth of Massachusetts.
In short, defendant/appellant contends that the sticker certification relates to the manufacturing process and not the conditional actual finished product. Nevertheless the court found that defendant/appellant was negligent, presumably for failure to adequately inspect the building and awarded damages based on the testimony presented at trial. It is well established that the Appellate Division does not review issues of fact and that a finding will not be overturned if it is supported by any reasonable view of the evidence. Tele-Wire Supply Corp. v. Wachusett Cablevision, 1986 Mass. App. Div. 118, 120. The issue of liability is most certainly a question of fact for the trial court and will not be disturbed by the Appellate Division absent a clear showing that the trier of fact had no evidence before him on which to base his finding. Here, there was factual evidence before the court and we conclude that the trial court did not err in finding liability and awarding damages in the amount of $8,200.00.
The court found that the defendant/appellant “failed to disclose that the house delivered to the Huttons was missing a vapor barrier” and that this failure to disclose was a “deceptive practice” and awarded multiple damages of $25,897.50 plus attorney’s fees of $5,236.57.
In its findings the Court did not find any willful and/or knowing violation of G.L.c. 93A as is required in order to allow the multiplying of damages. VMark Software, Inc. v. EMC Corp., 37 Mass. App. Ct. 610 (1994). Here, the Court made no finding of any intentional wrongful conduct on the part of defendant/appellant. Nor are there any allegations of any facts that would have supported such a finding.
Further, there was no finding supporting the award of multiple damages. Nor was any specific explanation for the award given.
Accordingly, we find that the court did not err in finding defendant/appellant negligent.
We do however find that the Court erred in awarding multiple damages pursuant to G.Lc. 93A, §§2 and 9.
The judgment originally awarded under Chapter 93A is vacated, and a new judgment is entered for the plaintiff in the amount of $8,200.00, plus interest and costs as provided by law.