Coven, J.
Plaintiff-insured Mark F. Kimball brought this action to recover damages for the alleged breach of contract and G.L.c. 93A violations by defendant-insurer Liberty Mutual Insurance Co. in denying his claim for insurance proceeds for the theft of his automobile. Judgment was entered for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A D. A., Rule 8C.
The record indicates that on January 8,1997, the plaintiff filed reports with the Beverly Police Department and the defendant insurance company that his 1994 Chevrolet Cavalier had been stolen from his home in Beverly at some point prior to his return from Florida on January 4,1997. The vehicle was recovered in Lynn on January 16,1997 with substantial body, engine and transmission damage and was declared a total loss.
While the plaintiff testified at trial that there was damage to the vehicle’s passenger side door lock, other physical evidence testified to by the defendants investigators indicated that the vehicle had not been stolen. The vehicle’s ignition had not been defeated as the ignition lock was fully functional and the ignition cylinder was intact, with no sign of damage. The passive alarm system had not been activated, and the vehicle was found with the steering wheel in the “locked” position. From their examination of the vehicle, the defendant’s investigators and a locksmith concluded that the plaintiff’s vehicle could not have been started, steered or driven without the use of the correct key. When questioned by the defendant, the plaintiff maintained that he had possession at all times of both sets of keys to the vehicle. Based on the physical evidence as well as statements by the plaintiff and his parents, the defendant denied the plaintiff’s theft claim.
On November 4, 1997, the plaintiff commenced this action in two counts for breach of contract and for a violation of G.L.c. 93A in failing to reach a prompt and reasonable settlement as required by G.L.c. 176D. The court denied the plaintiffs motions to bifurcate the trial of his contract and consumer protection claims. At the close of the plaintiff’s evidence at trial, the court allowed the defendant’s Mass. R. Civ. E, Rule 41(b) (2), motion for involuntary dismissal of the plaintiff’s G.L.c. 93A count. After trial, the court entered judgment for the defendant on the remaining count for breach of contract. The court also denied the plaintiff’s motion for a new trial on the ground that the judgment was against the weight of the evidence.
1. A motion to bifurcate a civil trial rests solely within the discretion of the trial judge. Dobos v. Driscoll, 404 Mass. 634, 645 (1989). Rule 42(d), which governs bifurcation in District Court civil trials, states:
*299 The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues.
The Rule confers the necessary discretion on the trial judge "to deal with the exigencies of litigation by separating parties, claims and issues in order ‘to secure the just, speedy and inexpensive determination of every action.’ Mass. R. Civ. P. 1, 365 Mass. 730 (1974).” Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., 16 Mass. App. Ct. 525, 529 (1983). Separate trials are obviously necessary, for example, where a plaintiff claims a jury trial on his first common law count, and there is no right to trial by jury on his second G.L.c. 93A count. See Id. at 528. Bifurcation may be justified where separate counts are brought against separate defendants, as in an action in tort where the plaintiff sues the tortfeasor for negligence and the tortfeasor’s insurer for G.L.C. 93A unfair and deceptive practices in failing to settle the claim on behalf of the insured. A Rule 42 motion may also be allowed to reduce the chance of jury confusion by preventing evidence probative of one claim from being heard on a separate claim as to which the evidence would be inadmissible.
None of these considerations are present in the instant case. Both counts of the plaintiff’s complaint were against a single defendant and were tried without a jury. The plaintiff’s sole argument for bifurcation was the possibly prejudicial effect of the introduction of evidence relevant only on his G.L.C. 93A claim, and inadmissible on the breach of contract count. It was, however, certainly within the capabilities of the trial judge to compartmentalize the evidence on the separate counts, a task which judges perform on a daily basis. It is commonplace that
a judge, sitting without a jury, in ruling upon the admissibility of evidence, will at times hear or see matters that would be excluded from a jury’s consideration. The judge’s review of ultimately inadmissible evidence would not be prejudicial error where the judge stated that he or she either was not affected by the evidence or did not consider it.
Commonwealth v. Darby, 37 Mass. App. Ct. 650, 655 (1994). See also Kendall v. Kendall, 426 Mass. 238, 243 n.11 (1997); Berlandi v. Commonwealth, 314 Mass. 424, 452 (1943). In this case, the judge granted the plaintiff’s request to limit certain "state of mind” evidence to the G.L.c. 93A claim. Further, the judge sustained the plaintiff’s objection to references to such evidence made by defendant’s counsel during closing arguments on the contract claim. It may be reasonably inferred from these rulings that the judge did not consider the G.L.c. 93A evidence in question on the contract count. There was no abuse of discretion in the trial judge’s denial of the plaintiff’s motion for a bifurcated trial.
2. The plaintiff contends that the trial court’s judgment for the defendant on his breach of contract claim was "clearly erroneous” and against the weight of the evidence. The “clearly erroneous” standard of review is applicable, however, only where a trial judge makes subsidiary findings of fact. See G.E.B. v. S.R.W., 422 Mass. 158, 172 (1996); Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. The trial judge did not issue any findings of fact in this case, and was not required to do so. Mass. R. Civ. R, Rule 52(c). See Huikari v. Eastman, 362 Mass. 867 (1972); Sunder Ltd. v. Antifonario, 1997 Mass. App. Div. 187. Nor did the trial judge make any specific ruling which could be reviewed on this appeal as to the sufficiency of the evidence to warrant or require a finding for the plaintiff. The reason is that the plaintiff failed to file a proper Mass. R Civ. R, Rule 64A(b), request for such a ruling of law on the sufficiency of the evidence, and has thus waived any appellate review of that specific issue. Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 *300 (1982); Lindquist v. Garrett Auctioneers, Inc., 1999 Mass. App. Div. 107, 108; Murphy’s Express, Inc. v. EBP], Inc., 1995 Mass. App. Div. 146, 148.
The weight and credibility of the evidence are matters for the trial court’s determination. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509-510 (1997); Chester v. Medford, 1994 Mass. App. Div. 69, 70. The only question raised on this appeal by the plaintiffs characterization of the courts general finding for the defendant on the breach of contract claim as “against the weight of the evidence” is whether the court’s judgment is supported by any evidence adduced at trial. Matsushita Elec. Corp. of America v. Sonus Corp., 362 Mass. 246, 250 (1972), citing Moss v. Old Colony Trust Co., 246 Mass. 139, 143-144 (1923). The record before us contains expert opinion evidence which, if believed, would support a determination that the plaintiff's vehicle was not stolen. Therefore, the court’s judgment for the defendant must be sustained.[1]
3. The essence of the plaintiff’s G.L.c. 93A claim was that the defendant engaged in unfair settlement practices in violation of G.L.c. 176D in denying the plaintiffs theft claim when liability was reasonably clear. As there was evidence at trial to support the court’s judgment that the defendant[1] s denial of the plaintiffs claim did not constitute a breach of the insurance contract, it necessarily follows that the defendant did not violate G.L.C. 176D and there was no error in the court’s dismissal of the plaintiff’s G.L.C. 93A claim. See Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 529-530 (1991); Van Dyke v. St. Paul Fixe & Marine Ins Co., 388 Mass. 671, 677-678 (1983).
With respect to his G.L.c. 93A claim, the plaintiff contends that the court’s denial of his motion to compel production of the defendant’s claims procedure manual and allowance of the defendants motion for a Mass. R. Civ. E, Rule 26(c)(7), protective order constituted reversible error. Rule 26 affords a trial judge a broad measure of discretion in ruling on a request for a protective order, In the Matter of Roche, 381 Mass. 624, 639 (1980), empowering the judge to impose just terms and conditions so as to equitably balance reasonable discovery requirements with a legitimate need to prevent disclosure of, as in this case, trade secrets or of other confidential material. See J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §26.7 (1977). It might well have been the better practice for the court herein to have allowed the plaintiff's discovery request with the restriction that the manual be provided under seal and utilized solely for the purposes of this litigation. See Turmenne v. White Consol. Industries, Inc., 266 F. Supp. 35, 37 (D. Mass. 1967). However, the plaintiffs burden on this appeal was to establish not only that the trial court’s discovery rulings constituted an abuse of discretion, but also that such abuse resulted in prejudicial error. Judge Rotenberg Educational Center, Inc. v. Commissioner of Dept. of Mental Retardation, 424 Mass. 430, 462 (1997); Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987). As the plaintiff’s motion to compel pertained only to his G.Lc. 93A claim, any error in the denial of the motion was harmless.
Similarly, the trial court’s failure to make written findings in allowing the defendant’s Rule 41(b) (2) motion for involuntary dismissal at the close of the plaintiff’s case constituted “an impermissible deviation from the express requirements for adjudication under that rule.”[2] Madden v. Malmart Mortgage Co., 1984 Mass. App. Div. 239, 242. See also DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 50-51. Ordinarily, such deviation would result in an order for a new *301 trial. See Rafferty v. Sancta Maria Hospital, 5 Mass. App. Ct. 624, 630 n.7 (1977); Pisarczyk v. Johnson, 1987 Mass. App. Div. 130, 131. In this case, however, the trial judge’s error was harmless as the plaintiffs G.Lc. 93A claim could not have survived following the court's judgment for the defendant on the breach of contract claim.
The trial courts judgment for the defendant is affirmed. The defendant’s appeal is dismissed.
So ordered.

 The plaintiff’s motion for a new trial on the same ground that the courf s general finding was against the weight of the evidence was addressed solely to the trial judge's discretion. Jamgochian v. Dierker, 425 Mass. 565, 571 (1997). The denial of that motion, oh the basis of the record before us, did not constitute an abuse of discretion.

 Rule 41(b) (2) states, in pertinent part, that “if the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 (a).”