Coven, J.
This is an automobile tort action to recover on a claim of negligence against the individual defendant and under G.L.c. 93A for the corporate defendant’s alleged unfair settlement practices in violation of G.L.c. 176D. Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 5, the trial judge has reported his rulings on the defendants’ motions to sever the tort and G.L.c. 93A claims for trial and on the plaintiff’s motion to compel discovery.
Plaintiff Magdalena Sanchez (“Sanchez”) allegedly sustained injuries when the vehicle she was driving was struck in the rear by a rented automobile operated by defendant Stephanie A. Witham (“Witham”). The rental car driven by Witham was owned and self-insured by defendant Enterprise Rent-A-Car Company of Boston, Inc. (“Enterprise”). Sanchez’s attorney attempted to settle her claim for $15,000.00 with Enterprise’s claims adjuster, ELCO Administrative Services, Inc. (“ELCO”). ELCO responded to the $15,000.00 settlement request with an offer of $1,000.00. Not satisfied with the offer, Sanchez sent ELCO a G.L.c. 93A demand letter stating that ELCO’s settlement offer was unfair because liability was reasonably clear and the failure to offer a reasonable settlement when liability is reasonably clear violates G.L.c. 176D, §3 (9) (f). ELCO responded by again extending its $1,000.00 offer. Sanchez commenced suit against Witham for negligence and against Enterprise and ELCO for unfair claims settlement practices in violation of G.L.c. 176D and G.L.c. 93A.
Enterprise and ELCO sought to bifurcate Counts II and III of the complaint so that the G.Lc. 93A claims against them would be stayed until the resolution of the underlying negligence claim against Witham. The motion was denied. Sanchez thereafter sought discovery from Enterprise and ELCO regarding information bearing on its assessment of Sanchez’s tort claim. When ELCO refused the requested discovery, Sanchez filed a motion to compel. The motion was allowed with qualifications. The judge ordered the production of all documents prepared after Sanchez’s insurance claim was filed, but before her G.Lc. 93A demand letter was sent; ordered the production of some documents prepared after the G.Lc. 93A demand letter was sent, but before this action was commenced; and denied Sanchez’s request for disc- *49 very of documents prepared after this action was commenced.[2]
Pursuant to G.Lc. 231, §108 and Dist./Mun. Cts. R.AD.A, Rule 5, Enterprise and ELCO requested that the motion judge report the interlocutory rulings to this Appellate Division. The judge allowed the request, and reported the following issues:
I. Whether proceedings on Counts II and III of the Complaint, alleging unfair claims settlement practices by Enterprise Rent-A-Car Company of Boston, Inc. and ELCO Administrative Services, Inc. in violation of G.L.cc. 93A and 176D, should be severed from the proceedings on Count I of the Complaint, alleging negligence in connection with an automobile accident, and stayed until the conclusion of the proceedings on Count I.
II. Whether documents prepared by ELCO Administrative Services, Inc.’s claims representative concerning opinions, comments and observations relative to the merits and potential value of the underlying claim against the operator of the automobile involved in the accident are beyond the permissible scope of discovery as defined in Mass. R. Civ. R, Rule 26 (c).
1. “A motion to bifurcate a civil trial rests solely within the discretion of the trial judge.” Kimball v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 298. In the absence of any statute, rule of court or binding appellate decision that deals directly with the questions reported, we find no reason to depart from the accepted standard of review; i.e., whether the motion judge abused his discretion in denying the motion to bifurcate. In utilizing that standard, however, we also recognize that the judge’s legal conclusions are “subject to broad review and will be reversed if incorrect.” LeClair v. Norwell, 430 Mass. 328, 331 (1999), quoting Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980), and that “there may be civil cases in which tiie refusal to grant separate trials would so prejudice a party that reversal is mandated.” Dobos v. Driscoll, 404 Mass. 634, 645 (1989). While we give deference, therefore, to a trial judge’s findings and discretionary rulings, it is our function as an appellate court to determine whether the judge’s ruling, in tins case, that the parties would not be prejudiced by the denial of the severance motion amounted to an error of law. We find no such error.
A violation of G.L.c. 176D does not per se give rise to an independent cause of action. Rather, unfair claims settlement practices in violation of G.L.c. 176D, §3(9) are unfair and deceptive acts which may be remedied in an action under G.L.c. 93A See, e.g., Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747, 754 (1993) (“A consumer asserting a claim under G.L.C. 93A, §9 may recover for violations of G.L.c. 176D, §3(9). ...”). There is no right to a jury trial in a G.L.c. 93A action. Travis v. McDonald, 397 Mass. 230, 233-234 (1986); Stark v. Patalano Ford Sales, Inc., 30 Mass. App. Ct. 194, 205 (1991). And it has long been recognized that a trial judge is capable of compartmentalizing evidence. Once the underlying claim is resolved in Sanchez’s favor by the jury, the judge may then proceed to hear the consumer protection cause of action independent of the jury. See Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563, 566 (1993).[3] In theory, therefore, we *50 do not disagree with the trial judge that it would be wasteful of judicial resources to have two separate trials in which some of the same witnesses would testify to the same facts. A single proceeding with independent phases is appropriate.[4]
2. What appears to be of greater significance to Enterprise and ELCO is the discovery of certain documents by Sanchez. Their arguments in opposition to such discovery are based on the concern that the discovery of the mental impressions, conclusions, evaluations and opinions of ELCO’s claim representatives will compromise the ability of Witham’s counsel to advance her defense properly. Enterprise and ELCO essentially argue that the disclosure of the work product information will reveal, and thus compromise, a defense trial strategy. The defendants have a legitimate concern.
Generally, the very documents that evidence work product are the documents that are the most central to a bad faith settlement claim. They are “at issue” in resolving the consumer protection claim. It is from these documents that a litigant is likely to learn what impressions of liability existed at the time of the settlement discussions prior to suit. See COUCH ON INSURANCE 3d §251:27. The question is whether this relevant work product is discoverable. In an analogous situation, the Supreme Judicial Court reasoned that work product was discoverable when the work product itself was “at issue.” Ward v. Peabody, 380 Mass. 805, 818 (1980). The question in Ward was the discovery of a lawyer’s files in connection with a legislative commission’s investigation. The Court noted that “ [t] he work product doctrine, drawn from the well-known case of Hickman v. Taylor, 329 U.S. 495 (1947), is intended to enhance the vitality of an adversary system of litigation by insulating counsel’s work from intrusions, interferences, or borrowings by other parties as he prepares for the contest.” Ward v. Peabody, supra at 817. The Court ruled, however, that the policy underlining Hickman is not implicated in a case where
the words and deeds of the attorney are themselves a subject of relevant inquiry. ... [citations omitted]. Otherwise stated, in the singular instances ‘when the activities of counsel are inquired into because they are at issue in the action before the Court, there is cause for production of documents that deal with such activities, though they are work product.’ 4 Moore’s Federal Practice par. 26.62 [4], at 26-447 (2d ed. 1979).
Id. at 818. The “work product” at issue herein is central to the evaluation of Sanchez’s assertion that Enterprise and ELCO knew that liability was reasonably clear and failed to offer a reasonable settlement in violation of G.L.c. 176D and G.L.c. 93A
These general principles on the discovery of work product do not address, however, the intertwined relationship between the requested stay of proceedings and the objection to discovery. The stay was sought to delay any discovery which, in theory, is likely to compromise a valid defense to liability. As noted, the concerns of Enterprise and ELCO are legitimate and compelling. In this particular case, however, we cannot say that the motion judge abused any discretion in ordering the production of the documents Enterprise and ELCO sought to withhold. The judge was presented with three groups of documents, each under seal. He reviewed the documents in camera and ordered limited production. Absent from *51 Enterprise’s and ELCO’s brief is any discussion about how any document produced may actually reveal a defense strategy. Where the judge undertook a well-reasoned approach to balance what are the merely theoretical concerns of Enterprise and ELCO and there has been no showing of real prejudice, we cannot say that in these particular circumstances the allowance of discovery was error.
We emphasize that there is a body of unpublished, single justice decisions from the Supreme Judicial Court and the Massachusetts Appeals Court that have, on interlocutory appeal, stayed proceedings and discovery in G.L.c. 93A litigation based upon G.L.C. 176D. These decisions note that a motion to sever G.L.c. 93A claims and stay discovery “is routinely allowed, if only to prevent discovery of the insurer’s impressions of the case based upon legal theory and privileged communications, and thereby prevent interference with the insured’s right to be adequately defended.” Kai v. Kim-Son, Appeals Court No. 98-M-65 (February 11, 1998) (Spina, J.). Thus to “authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order.” Belcher v. Pawtucket Mut. Ins. Co., Appeals Court No. 89-J-672 (September 27, 1989) (Kass, J.). None of the decisions which have been brought to our attention, however, have indicated whether the lower courts undertook an in camera review of the documents before an order of discovery was granted. We certainly do not suggest that without an in camera review, a judge would be warranted in ordering such discovery. But it is the very balancing of prejudice that is undertaken in the in camera review that leads us to conclude that, in this case, the order to compel discovery was not so prejudicial as to constitute an abuse of discretion or an error of law.
Accordingly, we answer both issues framed and reported by the motion judge in the negative, and affirm the judge’s denial of the defendants’ motion to sever and stay the G.L.c. 93A claims and his qualified allowance of the plaintiff’s motion to compel discovery.
So ordered.

 A protective order was sought by Enterprise and ELCO regarding the distribution of the documents produced. The motion was denied. Enterprise and ELCO ask that we address the propriety of the court’s ruling on their request and enter an order granting them the protection they sought. The propriety of the judge’s interlocutory ruling was not reported by him, and we thus decline to address the issue.

 As the Appeals Court stated in Wyler, “[a] bifurcation of [a] common law claim and [a] c. 93A claim has little to commend it. Two trials result instead of one, although the underlying facts and the witnesses are substantially the same. It is not only possible, but it is the norm as well as the preferred practice for a judge to try common law and c. 93A questions simultaneously.” Id. at 566.

 We do not view the denial of the defendants’ severance motion as an indication of the judge’s view that material relevant only to the c. 176D claim will be brought out in the first phase of trial. We think, rather, that the judge contemplated that counsel for Enterprise and ELCO would participate, during the first phase, in the examination of witnesses whose testimony bears upon the issue of negligence and damages.