Sullivan, J.
On January 12,2000, Lourdes Mercado (the “Plaintiff’) filed a complaint against The Commerce Insurance Company (the “Defendanf’) alleging breach of contract and violation of G.L.c. 93A and G.L.c. 176D. The complaint arose out of the Defendant’s denial of the Plaintiff’s'automobile theft claim for her 1995 Honda Accord under the automobile insurance policy issued by the Defendant. The Defendant filed an answer, and the matter went to trial on November 8, 2001.
At the close of the Plaintiff’s case, the Defendant made a motion to dismiss the matter pursuant to Mass. R. Civ. E, Rule 41(b) (2). The Defendant’s position was that the undisputed facts established that the Plaintiff had made a material misrepresentation in the automobile insurance application, which increased the risk of loss to the Defendant. The trial judge denied the Defendant’s motion on November 16,2001.
In his Findings of Fact, Rulings of Law and Judgment, filed on November 23, 2001, the trial judge found for the Plaintiff on the breach of contract claim and for the Defendant on the G.L.c. 93A claim and G.Lc. 176D claim. He then stated the following:
No evidence was submitted at trial as to the value of plaintiff’s car at the time of the theft, as plaintiff has now noted in a subsequent motion, which the court has denied. Unless the parties submit a stipulation as to that value, an evidentiary hearing as to value will be held at the Brookline District Court on Tuesday, December 20,2001, at 2 p.m.
As the trial judge noted, the Plaintiff had submitted a motion to introduce evidence of the fair market value of her stolen automobile pursuant to Mass. R Civ. E, Rule 43(e). Plaintiff’s counsel provided an affidavit in order to introduce two pages from Edmund’s Buyer’s Guide to establish the value of the automobile. The Defendant moved to strike the Plaintiff’s motion, asserting that the Plaintiff had failed to introduce any evidence of damages at trial and should be prohibited from introducing such evidence post trial. The trial judge denied the Plaintiff’s motion and entered judgment on the breach of contract claim as to liability only in favor of the Plaintiff and against the Defendant. The judgment slip also stated that the court would conduct an assessment of damages hearing on December 20,2001 at 2:00 p.m.
*172 The Defendant then made a motion to reconsider the motion to dismiss pursuant to Mass. R. Civ. R, Rules 41 and 64. The Defendant’s position was that the Plaintiffs failure to provide evidence of damages resulting from the alleged breach of contract entitled the Defendant to judgment. The trial judge denied the Defendanf s motion to reconsider the motion to dismiss.
The Defendant objected to the assessment of damages hearing scheduled for December 20, 2001 and reiterated its position that the Plaintiff had failed to introduce evidence of damages at trial. The Defendant also stated that the parties had not agreed to bifurcate the issues of liability and damages and that the Plaintiffs failure to introduce evidence of damages at trial was a failure to establish a prima facie case for breach of contract. The Defendant repeated its objections at the assessment of damages hearing.
The trial judge assessed damages for the Plaintiff in the amount of $9,770, plus interest and costs, and overruled the Defendant’s objections to the hearing. The total judgment award was $12,277.86.
Under Mass. R. Civ. E, Rule 55(b) (4), which applies to the entry of default judgments in the District Court, the judge may hold a hearing if it is necessary “to determine the amount of damages....” In addition, Rule 106(C) of the Dist./Mun. Courts Supp. Rules of Civ. P. speaks of hearings for “assessment of damages ... after default.” Both rules contemplate separate hearings for assessment of damages only after a default. No case has been brought to our attention, nor are we aware of any, in which the court held a separate damages assessment hearing in the absence of a default. In this case, the trial judge conducted a damages assessment hearing to determine the value of the automobile after a full and fair trial on the merits of the action.
The Plaintiff seeks to characterize the trial judge’s actions as a discretionary decision to reopen the case after both parties had rested or, alternatively, as a bifurcated trial of liability and damages. A judge may, within his or her discretion, allow a party to reopen its case after it has rested to admit additional, material evidence. Smith v. Baystate Towing, Inc., 2003 Mass. App. Div. 104, 106. In Smith, the trial judge permitted the plaintiff to reopen his case three days after the trial’s conclusion to present the testimony of a witness who had been unable to attend the trial because of his mother’s funeral. Id. at 105-106. In addition, the witness had been identified in answers to interrogatories as an eyewitness, and plaintiff’s counsel had advised the court that he intended to present the witness in his case in chief. Id. at 106. Lastly, much of the testimony presented by the witness supplemented evidence that was already before the court in exhibits to which the parties had stipulated.
The Plaintiff in this case did not present any factors or circumstances similar to those presented by the plaintiff in Smith to explain the failure to present evidence on the amount of damages. Nor do the other cases cited by the Plaintiff support her position that the trial judge had the discretion to hold a separate hearing on the issue of damages after a full trial on the claim itself. See, e.g, Duchesneau v.Jaskoviak, 360 Mass. 730, 733-734 (1972) (testimony of testator’s physician as to testator’s mental capacity correctly admitted after both parties had rested where physician had treated the testator for several years, including the period of the testator’s last illness, where the judge had made no ruling as to limitations on the physician’s testimony and where the physician’s testimony supplemented evidence of the testator’s mental capacity that had already been introduced); Saldi v. Brighton Stock Yard Co., 344 Mass. 89, 98 (1962) (introduction of Saldi’s answers to interrogatories that had been posed by the individual defendant after the plaintiff had rested where Saldi died before trial).
The assessment of damage hearing held by the trial judge in this matter did not supplement evidence that was already introduced or accommodate one of the par *173 ties due to the unavailability or death of a witness. Rather, the hearing allowed the Plaintiff a second opportunity to prove an essential element of her contract claim, the measure of damages, when she had a full and fair opportunity to prove this element during the trial. In that sense, the trial judge did not “reopen” the case as much as he held a separate and new trial on the remaining issue for the Plaintiff to prove.
Nor is it accurate to characterize the actions of the trial judge as bifurcating the issues of liability and damages under Mass. R. Civ. E, Rule 42(d), which provides as follows:
The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.
‘“A motion to bifurcate a civil trial rests solely within the discretion of the trial judge.’” Sanchez v. Witham, 2003 Mass. App. Div. 48, 49, quoting Kimball v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 298. Neither party filed a motion to bifurcate in this matter, and nothing in the record indicates that the separate damages hearing was held for purposes of convenience, expedition or economy. Also, it would have been superfluous for the Plaintiff to file a motion to introduce evidence of the fair market value of her stolen automobile pursuant to Mass. R. Civ. R, Rule 43(e) at the conclusion of the trial if a separate trial on the issue of damages was going to be held. That the Plaintiff filed this motion indicates her awareness of her failure to prove the correct measure of damages at the trial.
When a plaintiff fails to present any evidence of damages resulting from a breach of contract, the plaintiff is limited to nominal damages only. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 289-291 (1985). The Plaintiff in this matter established the Defendant’s liability for breach of contract, but she failed to prove the measure of damages for the breach. Therefore, she is entitled to nominal damages.
For the reasons stated herein, the order of the trial court awarding damages to the Plaintiff in the amount of $12,277.86 is vacated. The matter is remanded to the trial court for entry of an order awarding nominal damages to the Plaintiff.