Welsh, J.
David Altschuler (“Altschuler”)[3] commenced this action in the Brookline District Court to recover money allegedly paid by mistake on a Superior Court judgment following an unsuccessful appeal of that judgment to the Appeals Court.[4] In its Order for Judgment, the Superior Court awarded Peter E. Flynn (“Flynn”) the sum of $25,190.00 on his counterclaim for legal services rendered to Altschuler, with interest commencing on the date of filing of the counterclaim, plus costs. Defendant John T. Lamond (“Lamond”) represented Flynn in the Superior Court action.
Altschuler’s overpayment of the interest portion of the Superior Court judgment occurred when Flynn allegedly misinformed Altschuler of the amount due based upon a calculation of interest from the date of demand. G.L.c. 231, §6C. Since there was no appeal of the Superior Court judge’s order that interest run from the date of counterclaim filing, that portion of the order cannot be collaterally attacked in this case.[5] Although a plausible argument might be advanced in favor of Flynn’s calculation of the running of interest from the date of demand, see Sierra Fria Corp. v. Evans, 978 F. Supp. 39 (D. Mass. 1996) (prejudgment interest on attorney fee claim begins to run from the date bill presented rather than date counterclaim for fees filed), it comes too late.
The complaint in this action posited several theories for recovery against the defendants. First, it alleged that the defendants either knowingly or negligently misstated the amount due on the judgment by reckoning interest from the date of the demand rather than the date of counterclaim filing. Second, the complaint claimed that the money was paid by mistake and ought in equity and good conscience to be refunded to Altschuler. Third, it was alleged that the defendants committed unfair or deceptive acts or practices to Altschuler’s detriment. G.L.c. 93A, §2. The trial judge submitted the common law claims to the jury and reserved to herself the G.L.c. 93A claim. See Poly v. Moylan, 423 Mass. 141, 151 (1996); Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 225 n.7 (1994).
*142 The jury found for the defendants on the claims for intentional and negligent misrepresentation, but in favor of Altschuler on the count for money paid by mistake. Damages were awarded on that count in the sum of $7,305.10, 'with interest and costs.
The trial judge issued a meticulous and carefully wrought statement of her findings of fact and conclusions of law. She determined, inter alia, that G.Lc. 93A did not apply because the conduct complained of did not occur in the course of trade or commerce. She also found that neither defendant made any misrepresentations of fact; and that assuming arguendo that the attorneys were negligent in not checking the Superior Court’s order before calculating the interest due on the judgment, Alts-chuler was himself an attorney, had access to the order or could have easily obtained one from his attorney and was, thus, in as good a position as Flynn or Lam-ond to review the order for himself. These findings were not “clearly erroneous.”
Parenthetically, in answer to special questions, the jury found, consonantly with the judge’s finding, that neither defendant negligently, or intentionally, provided false information concerning the amount of interest due on the Superior Court’s order for judgment with the intent that the plaintiff rely upon such information. When a c. 93A claim is joined with one or more common law claims, the judge has three options: (1) letting the jury find the facts on all claims, (2) reserving to herself all aspects of the c. 93A claim, or (3) seeking a non-binding advisory opinion from the jury as to whether the defendant acted unfairly or deceptively. W. Oliver Tripp v. American Hoechst Corp., 34 Mass. App. Ct. 744, 753 (1993). The judge’s decision on the c. 93A claim is not constrained by the jury’s verdict on the common law claims. Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563, 567 (1993).
1. The judge correctly ruled that the remedies afforded by G.L.c. 93A were inap-posite in the circumstances of this case. It is clear beyond cavil that in certain contexts an attorney may be deemed a proper party defendant in a c. 93A case. Guenard v. Burke, 387 Mass. 802, 809-811 (1982) (unlawful contingent fee agreement found to be a. perse violation of G.Lc. 93A, §2 (a)); Brown v. Gerstein, 17 Mass. App. Ct. 558, 570-571 (1984) (deceit in dealing with client warranted a finding on c. 93A claim). The conduct complained of must, however, take place in a business context. Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980). As observed by the trial judge, although the parties were in fact attorneys, there was no existing attorney-client relationship among them in regard to the conduct giving rise to the claims. When the conduct complained of occurs among adversaries embroiled in litigation, it is not generally deemed to have been perpetrated in a business context. Arthur D. Little, Inc. v. East Cambridge Sav. Bk., 35 Mass. App. Ct. 734, 743 (1994). “A person is not engaged in trade or commerce merely by the exercise of contractual or legal remedies.” Begel-fer, supra, at 191. At the time of the alleged misrepresentations, neither Flynn, nor Lamond, was acting as Altschuler’s attorney.
2. We find Altschuler’s claim that he was denied a fair trial because the judge was biased to be wholly devoid of merit. This gratuitous and scurrilous assertion lacks any support in the record. Contrary to this contention, the record discloses the worldngs of a judge scrupulously and sedulously protecting the rights of all parties to a fair trial. While perhaps some latitude might be accorded to an unsophisticated party untrained in the law who expresses his disappointment at the outcome of a lengthy and acerbic litigation by unfairly castigating the judge who presided over the case, such intemperate vituperation from a member of the bar since 1961 is not to be tolerated. We are even more troubled to find this sort of argument enshrined in an appellate brief. This kind of professional misconduct resulting from accusations devoid of any objectively reasonable basis in fact was discussed in In the Matter of Cobb, 445 Mass. 452 (2005), wherein the Court stated:
Judges are not above criticism or immune from review of their courtroom conduct, (citations omitted). Under the objective knowledge stan *143 dard, an attorney does not lose his right to free speech. He may make statements critical of a judge in a pending case in which the attorney is a participant He may even be mistaken. What is required by the rules of professional conduct is that he have a reasonable factual basis for making such statements before he makes them.
Id. at 472. We have carefully reviewed the record to determine whether there is any credible evidence to support a claim of bias or unethical conduct by the trial judge. We have been unable to find a scintilla of such evidence. Nor are we able to discern from the appellant’s brief any objective basis for recusal by the judge. The absence of a reasonable factual basis is the stuff of the professional misconduct inveighed against in Cobb, rendering the appellants utterances unworthy of the high calling of members of the bar and officers of the court.
The appeal is dismissed.
So ordered.

 Mr. Altschuler, although a member of the bar since 1961, is engaged primarily in the investment and management of real estate.

 The Appeals Court affirmed the judgment pursuant to Rule 1:28. Altschuler v. Flynn, 49 Mass. App. Ct. 1109 (2000).

 An attempt by Flynn to obtain an amendment of the judgment well beyond the period permitted by Mass. R. Civ. R, Rule 59(e), came to naught.