Brennan, J.
Plaintiff Cesar Rodriguez (“Rodriguez”) sustained injuries in an automobile accident in Holyoke while riding as a passenger in a vehicle operated by defendant Hector Alvelo (“Alvelo”) and insured with defendant Premier Insurance Company of Massachusetts (“Premier”). Rodriguez commenced this action in two counts to recover (1) for his personal injuries, pain and suffering, medical expenses, and lost wages allegedly caused by the negligence of Alvelo, and (2) punitive damages, costs, and attorney’s fees under G.L.C. 93A, §9 for Premier’s alleged failure to have effected a prompt settlement of Rodriguez’s insurance claim when liability was reasonably clear in violation of G.Lc. 176D, §3 (9) (f). On the same day that it filed its answer, before any discovery had been requested, Premier moved to sever Count II of the complaint and to stay all discovery on that G.L.c. 93A claim until final disposition of Rodriguez’s Count I tort claim. After hearing, the trial court denied Premier’s motion. At Premier’s request, however, the motion judge filed the G.L.c. 231, §108 report of his ruling that is now before us. The following issue for appellate review is framed in the report:
Whether the trial court erred in denying Premier’s Motion to Sever and Stay the plaintiff’s Ch. 93A claim, where the underlying bodily injury claim has not been resolved.
As there was no abuse of discretion in the denial of Premier’s motion, we answer the reported question in the negative.
1. Severance of a district court G.L.c. 93A claim from an underlying tort claim is *146 governed by Mass. R. Civ. R, Rule 42(d), see Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., 16 Mass. App. Ct. 525, 529-530 (1983), which provides, in pertinent part:
The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. ...[3]
It is established that a Rule 42(d) motion is addressed to the sound discretion of a trial court judge. Dobos v. Driscoll, 404 Mass. 634, 644-645 (1989); Kimball v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 298; Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118, 119. The denial of a motion for severance will be reversed only if that ruling rested “on whimsy, caprice, or arbitrary or idiosyncratic notions” and, thus, constituted an abuse of discretion. Chan v. Chen, 70 Mass. App. Ct. 79, 84 (2007), quoting Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999). The burden of establishing an abuse of discretion in this case was on Premier. Northeastern Univ. v. Rasten, 2002 Mass. App. Div. 28, 29, quoting Barrett v. Pereira, 1997 Mass. App. Div. 45, 46.
In support of its contention that it was legally entitled to severance of Rodriguez’s claims, Premier relies principally on two Appeals Court single justice opinions issued in 1984 and 1989. Belcher v. Pawtucket Mut. Ins. Co., Mass. App. Ct., No. 89-J-672 (Sept. 27, 1989); Gross v. Liberty Mut. Ins. Co., Mass. App. Ct., No. 84-0138 (Apr. 24, 1984). Both decisions dealt exclusively, however, with the issue of a stay of discovery on a G.L.c. 93A unfair insurance settlement claim until adjudication of the related automobile tort claim. With respect to a pure severance question, Belcher and Gross merely suggest that the tort claim be tried first because a judgment against the plaintiff-insured on that claim, or an award of damages to the plaintiff in an amount commensurate with the insurer’s settlement offer, could render the unfair settlement claim moot.[4] Those opinions do not reference any established requirement in this Commonwealth for severance or bifur *147 cation as a matter of law in every case involving automobile tort liability and unfair insurance practice claims.[5]
Contrary to Premier’s argument, other cases indicate that severance or bifurcation is neither the required, nor the automatically preferred, procedural approach, and that the issue remains one within the trial judge’s discretion. It has been stated that, generally, the “bifurcation of [a] common law claim and [a] c. 93A claim has little to recommend it.... It is not only possible, but it is the norm as well as the preferred practice for a judge to try common law and c. 93A questions simultaneously.” Wyler v. Bonnell Motors, Inc., 35 Mass. App. Ct. 563, 566 (1993). The reasons are largely pragmatic, relating to judicial economy and case management. When claims are severed, “[t]wo trials result instead of one,” with the likelihood of some of the same witnesses testifying again to the same facts. Id. Further, there is nothing inherent in either claim that requires a postponement or delay of a trial of the unfair insurance practice claim until after the related automobile tort claim has been decided. Bixby, supra at 121. The claims may be tried together, rather than sequentially, because the issues dispositive of each are separate and distinct. Id. at 120-121.
The issue in the action against the insurer for violation of the insurance code is simply an action to determine whether or not the insurer violated its duty of fair dealing in settlement negotiations with the claimant, while the action to determine the ultimate liability of the driver rests on considerations of negligence and comparative negligence. The obligation to negotiate in good faith and to promptly settle claims does not mean that liability has been determined.... [Tjhe insurer’s obligation arises when liability has become ‘reasonably clear.’ In evaluating the insurance case, the jury must determine whether the insurer negotiated in good faith given the facts it then had. This consideration is separate and apart from the jury’s ultimate consideration of the merits
of the underlying tort claim. Id. at 120, quoting Klaudt v. Rink, 658 P.2d 1065, 1067-1068 (Mont. 1983). Nor does a simultaneous trial of these distinct issues and *148 claims necessarily create an undue risk of jury confusion. There is no right to a jury trial of a G.L.c. 93A claim. Nei v. Burley, 388 Mass. 307, 315 (1983); Deranian v. 128 Sales, Inc., 2002 Mass. App. Div. 175, 179. Thus, the unfair settlement claim under G.L.c. 93A is decided by the trial judge, who is “capable of compartmentalizing [the] evidence” probative of the separate claims, Sanchez v. Witham, 2003 Mass. App. Div. 48, 49, and who may permissibly elect to find facts different from those determined by the jury on the underlying automobile tort claim. Poly v. Moylan, 423 Mass. 141, 151 (1996); Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 340 (1994). See also Altschuler v. Lamond, 2006 Mass. App. Div. 141, 142.[6] Thus, as held in Sanchez, a single trial, or a single proceeding with separate phases, may well be preferable to severance in a particular case. Id. at 49.
The above factors justifying the denial of a motion to sever a c. 93A claim from an underlying tort claim may well have been utilized by the motion judge in this case in properly rejecting Premier’s severance request. “In the absence of any statute, rule of court or binding appellate decision that deals directly with the question reported, we find no reason to depart from the accepted standard of review, i.e., whether the motion judge abused his discretion. ...” Id. The standard of review of an exercise of judicial discretion is never an appellate court’s substituted judgment. While there are undoubtedly civil cases in which the denial of a severance motion would so prejudice a party that reversal would be mandated, Dobos v. Driscoll, 404 Mass. 634, 635 (1989), Premier has failed to satisfy its burden of establishing that this is such a case.
2. The gravamen of Premier’s argument on this appeal, however, is not severance per se, but a stay of discovery. Premier contends that it is entitled to a stay of Rodriguez’s G.L.c. 93A claim, or discovery on that claim, until after the adjudication of the underlying tort claim to protect it from the irreparably prejudicial disclosure to Rodriguez of confidential, privileged information contained in its claims file, including the .work product of its agents and employees prepared in anticipation of litigation and attorney-client communications.
Premier has an undeniably legitimate, if not compelling, interest in protecting privileged communications, material that can be genuinely categorized as work product, and any other information the disclosure of which would demonstrably prevent or impair its full defense of Alvelo on Rodriguez’s tort claim. We recognize that there is a line of unpublished single justice appellate opinions and unpublished trial court decisions holding that a stay of all discovery on a c. 93A claim for unfair insurance settlement practices and a severance of that claim until final disposition of an underlying automobile tort claim is the preferred, if not the stan *149 dard, practice in Massachusetts.[7] Conversely, perhaps due to the absence of binding legal precedent on the issue, there are other unpublished appellate and trial court decisions[8] recognizing that while a stay is a “case management technique ... employed to obviate difficult attorney-client and work product issues,” it is not the only procedural mechanism to protect privileged material. Rurak v. Medical Professional Mut. Ins. Co., No. 02-12274-PBS (D. Mass. 2003). There is a recognition in those decisions of the familiar principle that a motion for a stay, or for any other discovery order, rests within the sound discretion of the trial court judge, Carr v. Howard, 426 Mass. 514, 528 (1998), who is “in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.” George W. Prescott Publ. Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 282 (1985), quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). We conclude that a trial judge faced with a general motion to sever and stay a claim for unfair insurance practices pursuant to G.L.c. 93A, in the absence of any controlling legal authority to the contrary, retains his or her traditional judicial discretion to direct the “conduct and scope of discovery,” Solimne v. B. Gravel & Co., KG, 399 Mass. 790, 799 (1987), and that the burden of proving an abuse of that discretion is on the insurance company, the party resisting discovery.
Appellate review of any discovery order begins with the principle that parties are entitled to discovery “regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action.” Mass. R. Civ. P., Rule 26(b)(1). Relevancy is defined liberally to “encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.” Cronin v. Strayer, 392 Mass. 525, 534 (1984), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). “Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action.” Miller v. Doctor’s Gen. Hosp., 76 F.R.D. 136, 139 (W.D. Okla. 1977). Given the broad scope of discovery, Sullivan v. Chief Justice for Admin. & Mgt. of The Trial Court, 448 Mass. 15, 33 n.11 (2006), and the right of each party to compel the other to “disgorge whatever facts he has in his possession” not otherwise privileged or protected, Hickman v. Taylor, 329 U.S. 495, 507 (1947), it is clear that Premier’s claims file would, at least in the fast instance, be a proper target of Rodriguez’s G.L.c. 93A discovery efforts.
Premier was not automatically entitled to an immediate, general stay of discovery based on nothing more than conclusory assertions of privilege and broad allegations *150 of potential prejudice. Not everything in an insurer’s claims file is necessarily protected from discovery; there is no blanket, automatic privilege that attaches to the claims file in its entirety. Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 26 (D. Mass. 1987). The burden was on Premier, Mass. R. Civ. P., Rule 26(c), as the party resisting potential requests for relevant discovery, to identity the specific materials in the claims file that are allegedly privileged and to demonstrate that such materials were either work product created in anticipation of litigation within the protection of Mass. R. Civ. P., Rule 26(b)(3), Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D. Mass. 1992), or attorney-client communications. See generally Carr, supra at 529.
Premier made no such showing in this case. As noted, Premier filed a general motion to sever and stay simultaneously with its answer, at a point at which there had been no request for any discovery of any kind by Rodriguez. We conclude, therefore, that the judge did not abuse his discretion in denying Premier’s motion.
In so ruling, we caution that prejudicial error would almost certainly result from any order for complete or unbridled discovery in this case. Having rejected the simpler, arguably more expeditious alternative of immediately severing and staying Rodriguez’s G.L.c. 93A case, the trial judge has shouldered the potentially more time-consuming, labor-intensive task of scrutinizing Rodriguez’s anticipated discovery requests and Premier’s expected motions for protective orders, of fairly balancing the parties’ competing discovery rights and interests, and of ruling in careful compliance with governing discovery rules. Permissible, practical procedures, including the in camera review discussed in Sanchez, supra, of specific documents under seal identified by Premier as qualifying for protection, are available and must be undertaken by the trial judge. Nor is the judge precluded from reconsidering the question of a severance and stay, at least at an early stage of pretrial proceedings.
The denial of Premier’s motion to sever and stay Rodriguez’s G.L.c. 93A claim is affirmed.
So ordered.

 Subsection (d) of Rule 42 governs separate trials in the District Court Department; subsection (b) pertains to all other courts. The above-quoted language is identical in both subsections (b) and (d).

 Belcher states that “to authorize discovery in an unfair settlement claim before the underlying [tort] claim has been established is to get the cases in the wrong order.” Id. at slip op. 1. In Gross, the Court noted that the “liability of [defendant’s] insured, and the damages flowing from that liability, have yet to be ascertained. Should there be a verdict in favor of... [the] insured, should there be a verdict within the range of the [settlement] offer, or should there be a settlement within the range of the [amount] offered, a claim of unfair settlement could scarcely be made out.” Id. at slip op. 1-2.

 Premier also relies on M.J. Flaherty Co. v. United States Fid & Guar. Co., 61 Mass. App. Ct. 337 (2004), in which the Appeals Court held that the failure to add an unfair settlement insurance claim in an original contract suit by a subcontractor against the surety did not require dismissal of the claim in a subsequent action. Id. at 340. Premier quotes the case for the proposition that “if a claim for unfair settlement practices is brought with the original liability suit, Superior Court judges may take the sensible step of staying the unfair settlement claim pending the outcome of the underlying negligence claim” Id. Premier fails to cite the Court’s related footnote, that stated: “Consolidation of the two cases in such a situation, however, would further the goal of judicial economy and possibly lead to a speedier end to litigation. ... Trying the one claim after the first has gone to final judgment and with a different judge is an ‘undesirable’ circumstance” (citations omitted). Id. at 340 n.3.

 ‘When a c. 93A claim is joined with one or more common law claims, the judge has three options: (1) letting the jury find the facts on all claims, (2) reserving to herself all aspects of the c. 93A claim, or (3) seeking a nonbinding advisory opinion from the jury as to whether the defendant acted unfairly or deceptively.” Altschuler v. Lamond, 2006 Mass. App. Div. 141, 142, citing W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 753 (1993).

 See, e.g., Monty v. Cenedella and OneBeacon Ins. Group, LLC, Supreme Judicial Court, No. SJ-2004-0480 (Jan. 13, 2005) and cases cited; Belcher, supra; Gross, supra; Adams v. Backiel, Worcester Superior Court, No. 081311-D (Sept. 18, 2008).

 See, e.g., Reardon v. Carter, Suffolk Superior Court, No. SUCV20070098 (Apr. 2, 2007); Vasquez v. Elco Admin. Servs., Middlesex Superior Court, No. 01-3029L (Dec. 17, 2001); Meszar v. Horan, Worcester Superior Court, No. 99-07888 (Nov. 16, 1999).