Agnes, A.J.
The plaintiff Milagros Vasquez (hereafter, “the plaintiff’) has brought a civil action against the driver of a vehicle in which she was a passenger, defendant Keren Castillo (hereafter, “the driver”), the rental company that owned the vehicle (defendant Enterprise Rent-A-Car Company) (hereafter, “Enterprise”), its third-parly administrator (Defendant ELCO Administrative Services) (hereafter “ELCO”), and the driver’s insurance carrier (defendant Arbella Insurance Company). The plaintiff alleges that the driver was negligent and caused her to suffer personal injuries. The plaintiff also seeks a declaratory judgment that either the driver’s insurer (defendant Arbella) or the rental company’s administrator (defendant ELCO) is obliged to provide coverage. Finally, the plaintiff alleges that the driver’s insurer, the rental car company and its insurer have violated G.L.c. 93A and *174 G.L.c. 176D by unreasonably failing to provide the plaintiff with insurance coverage.
An earlier motion by defendants ELCO and Enterprise sought severance and a protective order with reference to the plaintiffs claims under G.L.c. 93A and G.L.c. 176D. The court denied the motion for severance, but ordered a stay of any further discovery with respect to the claims for relief under G.L.c. 93A and G.L.c. 176D pending further order of the court.
The driver’s insurer has filed a pretrial motion “to sever claims and stay discovery” by which it seeks an order “that any discovery pertaining to the plaintiffs G.L.c. 93A and G.L.c. 176 claim be stayed, including any discovery from any party to this lawsuit involving a request for Arbella’s claim file until judgment is entered on the underlying negligence claim the plaintiff has filed against defendant Keren Castillo as well as the underlying requested declaratory judgment against Arbella.” The rationale supplied by defendant Arbella is that until the liability of its insured is determined, “the defense of its insured may be seriously hampered by discovery initiated by the injured claimant against the insurer. See Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118, 119, citing Royal Globe Ins. Co. v. Superior Court of Butt County, 23 Cal.3d 880, 502 P.2d 329 (1979). Defendant Arbella points to the potential for the inappropriate disclosure of materials in its claims file that it gathered or prepared in anticipation of litigation and as to which there is a basis for the assertion of a work-product privilege, among others. Defendant Arbella relies on two single-justice opinions in which the single justice of the Appeals Court suggests that it is appropriate to fashion protective orders in such cases because the G.L.c. 93A and G.L.c. 176D claims against an insurer are premature until its insured has been found liable. See Belcher v. Pawtucket Mut. Ins. Co., Appeals Court No. 89-J-672 (September 27, 1989) (Kass, J.); Gross v. Liberty Mutual Ins. Co., Appeals Court No. 84-0138 (April 24, 1984).
Defendant ELCO maintains that the relief sought by defendant Arbella is “far too broad” and that under basic principles of pretrial discovery it is “entitled to any and all materials contained in Arbella’s claims file so long as the material is not privileged.” Defendant ELCO’s Opposition at 3, citing Cronin v. Strayer, 392 Mass. 525, 534(1984), and Mass.R.Civ.P. 26(b)(1). The defendant ELCO is correct. “Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.” Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 224 (1999), citing Strom v. American Honda Motor Co., 330, 336 (1996). Either party therefore may compel the other to “disgorge whatever facts he has in his possession not otherwise privileged and protected from discovery.” Hickman v. Taylor, 329 U.S. 495, 501 (1947). See Mass.R.Civ.R 26(b)(1). Not everything that may be contained in an insurance company’s claims file is protected from discovery in a negligence action brought against its insured. The extent of a party’s discovery obligations does not turn on idiosyncracies such as the categories used in support of its information storage and retrieval system. The impact of these principles is that a party is entitled to discover from another party all information that is or could be of use with respect to any issue in the case so long as it is not protected from disclosure by a privilege. Ultimately, “the conduct and scope of discovery is within the sound discretion of the judge.” Judge Rotenberg Educ. Ctr., Inc., v. Commissioner of the Dep’t of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997).
Respect for these principles of civil discovery requires a more particularized approach than that sought by defendant Arbella. As this court observed in Meszar v. Horan, Worcester Superior Court 99-0788B, 10 Mass. L. Rptr. 682 (November 16, 1999) (Toomey, J.): “An Insurance company resisting discovery, must, therefore, establish a factual basis upon which it can demonstrate that it did not prepare certain documents in the ordinary course of business. Such a demonstration might be accomplished by segregating documents, contained in its claims files, into trial preparation materials and nontrial preparation materials.”
ORDER
Based on the above, the motion by defendant Arbella to sever claims and stay discovery is ALLOWED IN PART and DENIED IN PART. The plaintiffs claims under G.L.c. 93A and G.L.c. 176D having previously been stayed pending further order of the court, any discovery that relates solely to those claims is stayed pending further order of the court. The burden is on the party resisting discovery to establish that the discovery sought by the requesting party relates exclusively to the claims that have been stayed and/or is protected by a privilege. When the privilege asserted is the so-called work product privilege, the burden is on the party resisting discovery to establish that the material sought was prepared or obtained in anticipation of litigation.
“The mere possibility that a certain event might lead to future litigation does not render privileged all documents prepared subsequent to that event. The determinative question is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document.” Meszar v. Horan, supra. Even when there is a valid basis for the assertion of a privilege, the party resisting discovery may be required to prepare and produce a log containing a descriptive list of the materials that are subject to a privilege. See, e.g., Decelle, Inc. v. B&M Realty Nominee Trust, No. CA994075, 12 Mass. L. Rptr. 201 (Sept. 19, 2000) (Lopez, J.). The motion by defendant Arbella is otherwise DENIED.