Houston, J.
Pursuant to Mass.R.Civ.P. 26(b)(1), plaintiff Virginia Applegarth moves this Court to compel defendant Liberty Mutual Insurance Co. to produce certain documents relating to Liberty Mutual’s investigation of an accident in 1997 involving the plaintiff and its insured, General Cinema d/b/a Burlington Cinema 10. In the underlying complaint, the plaintiff alleges that she suffered severe head and eye injuries after slipping on water that had accumulated on the floor of the ladies’ restroom of defendant General Cinema’s movie theater. The plaintiff filed a negligence claim against General Cinema and Universal Cleaning Co. for failure to adequately maintain the ladies’ restroom, and to warn of the wet floor. The complaint also asserts a claim against Liberty Mutual for failure to conduct a reasonable investigation and refusal to make a reasonable settlement offer under M.G.L.c. 93A and 176D. At the present stage of discovery, the defendant has withheld ten documents from its file under the work product doctrine. For the reasons set forth below, the plaintiffs motion to compel the production of the documents is DENIED.

Background

Plaintiff Virginia Applegarth and defendant Liberty Mutual Insurance Co. have been involved in a dispute over the production of documents from the defendant’s investigation file that has not been resolved after punctuated demands, attempts at negotiation, and three Motions to Compel. During this campaign, on February 28, 2000, Judge Fabricant instructed the parties to attempt to resolve the issue, and if they were unsuccessful, the plaintiff was to submit a narrowed motion to compel. The narrowed motion subsequently submitted by the plaintiff limited her requests. As to documents withheld under privilege, the defendant was to provide a description of the documents as well as the basis of each assertion of privilege. Thus, Liberty Mutual provided a list of eighteen documents, eight for which the defendant waived its privileges and produced to the plaintiff. The remaining ten are at issue here, withheld by the defendant as documents produced in anticipation of litigation and work product:
1. Letter dated 2/26/97 from General Cinema’s Corporate Insurance and Risk Manager to Liberty Mutual liability insurance adjuster regarding investigation of clam;
2. Letter dated 3/13/97 from General Cinema’s Corporate Insurance and Risk Manager to Liberty Mutual liability insurance adjuster regarding investigation of claim;
3. Claim Investigator’s summary of claimant’s allegations and investigation dated 3/10/97;
4. Claim Investigator’s summary of claimant’s allegations and investigation dated 3/9/99;
5. Letter to Lori Goddu (Liberty Mutual) to Martin Morrissey (General Cinema) dated 1/8/99;
6. Absolute Investigations, Inc. Bills (4/11/97 and 4/30/97);
7. Absolute Investigations, Inc. Reports (4/11/97 and 4/30/97);
8. ACES computer remark summarizing conversation between Bob Gannon (Liberty Mutual) to Martin Morrissey (General Cinema);
9. ACES computer remark containing text of letter dated 4/17/97 from Peggy McCarthy (Liberty Mutual) to Martin Morrissey (General Cinema);
10. ACES computer remark containing text of letter dated 11/25/97 from Lori Goddu (Liberty Mutual) to Martin Morrissey (General Cinema).

Discussion

The work product doctrine is codified in Massachusetts Rule of Civil Procedure 26(b)(3), which provides:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party’s representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
Mass.R.Civ.P.26(b)(3).
The analysis in this case requires a two-step process: 1) whether the documents requested are protected as work product; and 2) whether the plaintiff *39 has shown that she has a substantial need for the documents in order to overcome the privilege. The burden to demonstrate that the materials sought are indeed work product within the scope of Rule 26(b)(3) is on the party resisting discovery. Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25 (D.Mass. 1987); Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass. 1992). The test is whether or not “(a]t the time the item was prepared, was the person preparing it acting on behalf of the person who later became a party to the present action?” James W. Smith & Hiller Zobel, Massachusetts Practice Series, Rules Practice §26.5, at 210 (1975); see City of Worcester v. HCA Management Co, Inc., 839 F.Sup. 86, 88 (D.Mass. 1993).
Here, the plaintiff contends that the documents are not work product, and alternatively, that there is a substantial need for the documents. The correspondence between the defendants about the slip-and-fall incident, on its face, qualifies as work product protected by 26(b)(3). Once a tort claim of this type is reported by an insured to its insurer “for a defense and payment if there is liability, the file material accumulated by the insurance company is largely in anticipation of litigation.” Belcher v. Pawtucket Mutual Insurance Co., Civil No. 89-J-672 (Suffolk Super.Ct. Sept. 27, 1989), 1. The documents at issue are composed of letters, faxes, e-mails, bills and reports between Liberty Mutual and the Cinema. The documents were prepared by representatives of both defendants in the present action. The bills and reports made by Absolute Investigations, Inc. were created on behalf of the defendants.
Nevertheless, if the plaintiff can show that she has a substantial need of the materials in the preparation of the case, she may still obtain discovery of Liberty Mutual’s work product. Connelly v. Dun & Bradstreet, Inc., 96 F.R.D. 339, 343 (D.Mass. 1982); Colonial Gas Co. v. Aetna Cas. & Surety Co., 144 F.R.D. 600, 605 (D.Mass. 1992). “ ‘Substantial need’ means considerably more than pleasant desirability; it requires showing that the item plays an exceptionally important part in the preparation of the discoverer’s case for trial.” Smith & Zobel, supra, at 210. The plaintiff must “convince the court that the materials sought encompass, in a wholly unique, unduplicatable manner, the information sought.” Id.
In the case at bar, the documents sought are correspondence between the Cinema and Liberty Mutual. The correspondence was created months and years after the incident. Applegarth claims that they contain information, specifically the name of another cleaning company employee that may have been at the scene at the time of the incident. However, Applegarth has not demonstrated that substantially the same information would not be available if other witnesses were deposed. Hamilton v. Canal Barge Co., Inc., 395 F.Sup. 975, 978 (E.D.La. 1974). The witnesses themselves are available to the plaintiff, thus defeating any necessity to access witness statements in Liberty Mutual's files. Cameron v. Norfolk & Dedham Mut. Fire Ins. Co., Civil No. 98-1419B (Suffolk Super.Ct. Sept. 8, 2000), 14. While it would seem to be helpful to the plaintiffs case to have the documents, the need does not appear to be substantial.
The plaintiff s motion highlights a discrepancy between a letter from the defendant’s attorney and a statement by a deposed witness about whether she was warning patrons of the wet floor inside or outside the ladies’ room. The mere possibility that a document may reveal discrepancies in the deposition is not enough to satisfy the “substantial need” prong of the test.[1] Raffa v. Gymnastics Learning Ctr., Inc., Civil No. 00-1996A (Worcester Super.Ct. Dec. 28, 2001) (14 Mass. L. Rptr. 302), 8; Harris v. Steinberg, Civil No. 95-1373G (Suffolk Super.Ct. February 10, 1997) (6 Mass. L. Rptr. 417), 8-9. This Court finds that the plaintiff has failed to meet her burden under Rule 26(b)(3) of demonstrating that she has a substantial need for the documents and, therefore, they remain protected under 26(b)(3).

ORDER

It is therefore ORDERED that plaintiff Virginia Applegarth’s motion to compel the production of documents withheld by the defendant Liberty- Mutual Insurance Co. as work product, be DENIED.

This Court believes that one way to reach the documents by substantial need in this case would be if the defendant was engaged in fraudulent activity, or that false information was being relied upon by the defense. There are no such allegations here.