Fahey, Elizabeth M., J.
This action arises from a vehicle accident involving the plaintiff, John Reardon (Reardon), and defendant Ron Carter (Carter). Reardon alleges that he was injured by the tortious conduct of Carter. Reardon also alleges that Carter’s *230 insurer, co-defendant Metropolitan Property & Casualty Insurance Company (Metropolitan), violated the provisions of Mass. Gen. Laws c. 93A and 176D by engaging in unfair claims settlement actions in the handling of his claims. Metropolitan seeks to sever the personal injury claims against Carter from the claims against it for unfair claims settlement practices and to stay the 93A and 176D claims until the resolution of those claims against Carter are resolved.
For the following reasons, it is hereby ORDERED that Metropolitan’s motion to sever and stay is DENIED without prejudice.
BACKGROUND
The plaintiff alleges that he incurred damages as a result of a vehicle accident in Boston, Massachusetts on February 28, 2005. Reardon claims that he contacted Carter’s insurer, Metropolitan, by letter dated August 1, 2006, and provided it with documentation of his injuries and medical expenses. Metropolitan claims that the total amount of medical bills is approximately $8,000. Reardon received $2,000 in Personal Injury Protection Benefits. Reardon demanded $20,000 in settlement, and Metropolitan made an initial offer of $9,700. Reardon alleges that Metropolitan has not made a reasonable settlement offer to compensate him for these expenses as required under Mass. Gen. Laws c. 176D, §3(9)(f).
Plaintiff filed this action against Carter and Metropolitan on January 8, 2007. Count I of his complaint is a negligence claim against Carter. Count II alleges unfair claim settlement practices under Mass. Gen. Laws c. 176D for failure to effectuate a prompt, fair and equitable settlement in a case where liability was reasonably clear. This count is brought under Mass. Gen. Laws. c. 93A, §9(1), which provides a cause of action for 176D, §3(9).
Metropolitan has filed a motion to sever the two counts and stay the Mass. Gen. Laws c. 93A and 176D claims.
DISCUSSION
The matter is before this court on Metropolitan’s motion to sever and stay the Mass. Gen. Laws c. 93A and 176D claims. The court retains discretion to decide these matters based on the convenience of adjudication, the avoidance of prejudice and the interests of expedition and economy. See Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., Inc., 16 Mass.App.Ct. 525, 529-30 (1983). Metropolitan’s argument is that the claims against it should be severed and stayed because they are not ripe for adjudication until the liability in the tort claim against Carter is resolved.
Severance of Claims
There is precedent, albeit somewhat limited, for allowing motions to sever unfair settlement claims from their underlying tort or contract actions. See Delnegro v. Hampton, 2001 Mass.App.Div. 37, at *1 n.1 (2001) (noting that earlier sever and stay motion was granted by trial court after having been assented to by plaintiffs); Driscoll v. Liberty Mut. Ins. Co., 3 Mass. L. Rptr. 622, at *2 (Mass.Super. 1995) (noting that the court had previously bifurcated the breach of contract claim in the case from the G.L.c. 93A and G.L.c. 176D claims). Also in Kimball, the Appellate Division upheld the District Court’s denial of plaintiffs motion to bifurcate contract and unfair claim settlement claims. 1999 Mass.App.Div. 298, at *1. However, in dicta, the court stated that bifurcation “may be justified where separate counts are brought against separate defendants, as in an action in tort where the plaintiff sues the tortfeasor for negligence and the tortfeasor’s insurer for G.L.c. 93A unfair and deceptive practices . . .” Id. at *2.
Precedent for decisions denying bifurcation starts with Wyler v. Bonnell Motors, Inc. See 35 Mass.App.Ct. 563, 566 (1993). There, in reviewing a case that involved bifurcation of a common-law claim and a Mass. Gen. Laws c. 93A claim, the court did not reverse the trial judge’s decision, but remarked that “bifurcation of common law claim and c. 93A claim has little to commend it ... It is not only possible, but it is the norm as well as the preferred practice for a judge to try common law and c. 93A questions simultaneously.” Id. In that case, the common-law and 93A claims were against the same party, but the principle of Wyler has recently been applied to a car accident case involving a tort claim against one defendant and an unfair claims settlement claim against the self-insured car rental agency that rented her a vehicle. See Sanchez, 2003 Mass.App.Div. 48, at *2. There the Appellate Division upheld the trial judge’s denial of the rental company’s motion to sever and found that a single proceeding with independent phases was appropriate. See id. Both courts held that, in these cases, severance of claims can lead to the wasteful situation of conducting two separate trials with some of the same witnesses testifying to the same facts. See Wyler, 35 Mass.App.Ct. 563 at 566; Sanchez, 2003 Mass.App.Div. 48, at *2. A single proceeding, with independent phases if necessary, is preferable if neither party is unduly prejudiced. See id.; see also Vasquez v. ELCOA dmin. Serv’s., 14 Mass. L. Rptr. 173, at *3 (Mass.Super. 2001) (denying co-defendant’s insurer from severing Mass. Gen. Laws c. 93A and 176D claims against it from negligence claims against insured).
Stay of Mass. Gen. Laws 93A and 176D Claims
There are essentially two arguments in favor of staying Mass. Gen. Laws c. 93A and 176D claims until the conclusion of their underlying tort claims. The first of these arguments is that the claims are premature and should therefore be stayed because tort liability has not yet been determined. Mass. Gen. Laws c. 176D, §3(9)(f) states that failure to effectuate prompt, fair and equitable settlements in which liability has *231 become reasonably clear is an unfair settlement practice. Chapter 176D does not provide a cause of action however. See Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 754 (1993); Sanchez, 2003 Mass.App.Div. 48, at *2. That is found in Mass. Gen. Laws c. 93A, §9(1), which provides:
... any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross-claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.
Neither law requires that the liability of the insured party be determined before an unfair practices claim against the insurer can be pursued. See Mass. Gen. Laws c. 93A, §9(1); Mass. Gen. Laws c. 176D, §3(9). There are a number of cases, however, that advocate a stay of trial or discovery in unfair settlement practices cases involving claims against insurers until their insureds are found liable. See Gross v. Liberty Mut. Ins. Co., No. 84-0138, 1984 Mass.App. LEXIS 2011, at *1 (Apr. 24, 1984). In Gross, for example, the Appeals Court, in a single justice decision, vacated a ruling of the Superior Court and stayed discovery in a G.L.c. 93A action until it was known whether the verdict returned by a jury in the underlying tort case was within the range of settlement already offered by insurer. See No. 84-0138, 1984 Mass.App. LEXIS 2011, at *1. The single justice determined that, until damages flowing from the insured’s liability were ascertained, it was premature to allow discovery in the unfair settlement practices claim. See id.; see also Kay Constr. Co. v. Control Point Assocs., 15 Mass. L. Rptr. 203, at *6 (Mass.Super. 2002) (stating in dicta that it is appropriate to fashion protective orders in cases where a G.L.c. 93A claim against an insurer are premature until its insured has been found liable).
Most often, however, decisions to stay are limited to discovery issues. See Belcher v. Pawtucket Mut. Ins. Co., Appeals Court No. 89-J-672 (September 27, 1989); Vasquez, 14 Mass. L. Rptr 173, at *1-2; Bixby v. Allstate Ins. Co., 1986 Mass.App.Div. 118 (1986). In Belcher, another single justice opinion, the court stayed plaintiffs discovery from defendant insurance company of all memoranda and notes of its investigators or lawyers in connection with the plaintiffs underlying tort claim. See Appeals Court No. 89-J-672. Discovery of “other materials” was allowed, however. See id. Similarly, in Vasquez the court denied severance of the tort and unfair settlement practices claim but ordered a stay on further discovery with respect to the Mass. Gen. Laws 93A and 176D claims pending further order of the court. See 14 Mass. L. Rptr. 173, at *1-2. The court was careful to point out, however, that not everything in the insurance company’s claims file was protected from discovery in the negligence action. See id. at *2. To prevent discovery, the insurance company would have to demonstrate that the information was protected work product or privileged. See id. at *2; see also Bixby, 1986 Mass.App.Div. 118 (discussing differing theories on the subject of staying action against an insurance company for unfair settlement practices and deciding that the trial justice is in the best position to assess the possible prejudice to the defendant in discovery and the possible prejudice to the plaintiff by having to wait for a resolution to the underlying claim).
Other cases have allowed discovery to occur in the c. 93A and c. 176D claims while the underlying tort case proceeded. See Sanchez, 2003 Mass.App.Div. 48, at *3-4; Applegarth v. General Cinema, 15 Mass. L. Rptr. 38, at *1 (Mass.Super. 2002). When concurrent discovery is allowed, courts are careful to protect work product and information protected by attorney-client privilege and appear to be successful at doing so. See Sanchez, 2003 Mass.App.Div. 48, at *3-4; Applegarth, 15 Mass. L. Rptr. 38, at *2-3. In Sanchez, discovery in the Mass. Gen. Laws 93A and 176D was conducted concurrently with discovery in the underlying tort case. See 2003 Mass.App.Div. 48, at *3. When the insurer objected to discovery of information that might compromise the co-defendant’s liability defense in the tort claim, the judge examined the documents in camera and ordered limited production. See id. In Applegarth, discovery in a slip and fall case against a cinema and concurrent Mass. Gen. Laws 93A and 176D claims against the cinema’s insurer was conducted concurrently. See Applegarth, 15 Mass. L. Rptr. 38, at *1. When the insurer had concerns about several documents that contained work product relating to the slip and fall claim, see id. at *2, the court considered the documents and ultimately denied plaintiffs motion to compel them. See id. at *3; see also Vasquez, 14 Mass. L. Rptr. 173, at *2 (stating that a blanket stay of discovery requested by defendant insurer was overly broad and that only information protected by work product doctrine or other privilege should be protected from disclosure).
Thus, while a stay of action or discovery in Mass. Gen. Laws c. 93A and 176D claims until the underlying action is complete may be one way to manage these claims, it is not the only way and it is not required by Massachusetts law. See Rurak v. Med. Prof'l Ins. Co., Civil Action No: 02-12274-PBS, 2003 U.S.Dist. LEXIS 8648, 2003 WL 21212721 (D.Mass. 2003); Sanchez, 2003 Mass.App.Div. 48, at *3-4. The United States District Court for the District of Massachusetts recently acknowledged the practice of staying discovery in chapter 93A claims until an insured has been found liable. See Rurak, 2003 U.S.Dist. LEXIS 8648, at *6-7, 2003 WL 21212721, at *2. While the court acknowledged that trial courts have the discretion to stay such *232 claims, it stated that they are not required to do so. See id. Sanchez and Applegarthboth demonstrate that discovery in Mass. Gen. Laws c. 93A and 176D claims can be conducted concurrently with discovery in underlying tort claims without prejudicing an insurer or forcing it to reveal privileged information or protected work product. See Sanchez, 2003 Mass.App.Div. 48, at *3-4; Applegarth 15 Mass. L. Rptr. 38, at *3.
It may also be premature for the court to initiate a stay of the 93A and 176D claims in this case because the defendant has not provided information about the nature of discussions, if any, between Reardon and Metropolitan. This court notes that Metropolitan made an initial offer of $9,700 and understands that this allows them more leeway to ask for a stay. See Gross, No. 84-0138, 1984 Mass.App. LEXIS 2011, at *1. It may also be important to determine whether Reardon has actually requested discovery of documents from Metropolitan. See Kay, 15 Mass. L. Rptr. 203, at *6 n.3. In Kay, although the court noted that it would be appropriate to fashion a protective order in cases where a chapter 93A claim against an insurer was premature until its insured had been found liable, it stated that in a situation in which the plaintiff had been careful to avoid pursuing discovery against the insurer, the issuance of a stay would be premature. Id. Therefore, on the information provided, I am satisfied that the issuance of a stay in the instant case is premature. See Clegg, 424 Mass. 413 at 418; Kay, 15 Mass. L. Rptr. 203 at *6 n.3.
This court must also consider the interests of judicial economy when making its decision on Metropolitan’s motion to sever and stay. The interests of judicial economy and fairness to the parties must be decided by the court on the basis of the information before it. At this stage, the court knows only that the plaintiff alleges injury from a car accident and that more than two years have passed without the underlying claims being resolved. At this point there remains the prospect that a stay of discovery will lead to a second trial involving some of the same witnesses and some of the same testimony will be required. See Wyler, 35 Mass.App.Ct. at 566; Sanchez, 2003 Mass.App.Div. 48 at *2. Such a second trial will necessarily incur judicial resources as well as costs and expenses to all parties. At this point, Metropolitan has not persuaded this court that a stay is necessary or appropriate. Accordingly, Metropolitan’s motion to sever and stay is denied without prejudice.
Order
For the foregoing reasons, it is hereby ORDERED that defendant Metropolitan Property & Casualty Insurance Company’s motion to sever and stay the Mass. Gen. Laws 93A and 176D claims is DENIED without prejudice.