Troy, Paul E., J.
INTRODUCTION
This case arises out of the performance of a surgical procedure on the plaintiff; Sidney DeJesus (“DeJesus”) by the defendant physician, Dr. Ronald Nasif (“Nasif j. DeJesus brought this action, alleging that Nasif negligently performed the surgery. In addition, DeJesus has brought a negligent credentialing claim against the defendant, Milford Regional Medical Center, Inc. (“Milford”), alleging that Milford’s credentialing committee was negligent in granting Nasif privileges to perform surgery at Milford. The matter is now before the court on Milford’s Motion to Bifurcate Dejesus’s Negligent Credentialing Claim and to Stay Discovery until there is an adj udication of the underlying medical malpractice claim. For the following reasons, the Motion is ALLOWED.
DISCUSSION
A motion to bifurcate a civil trial rests solely within the discretion of the trial judge. Dobos v. Driscoü, 404 Mass. 634, 644-45 (1989). The court is unable to find, and the parties do not cite to, any Massachusetts juris *654 prudence dealing with the bifurcation of a negligent credentiaiing claim from a medical malpractice claim.[2]
However, other jurisdictions have dealt with this specific issue. In Schilling v. Humphrey, the Ohio Supreme Court acknowledged that in order to bring a negligent credentiaiing claim against a hospital, the plaintiff must first establish medical malpractice against the doctor. 916 N.E.2d 1029, 1036 (2009). Thus, the court bifurcated the negligent credentiaiing claim from the medical malpractice claim. Id. The Ohio Supreme Court further noted that “(t]he bifurcation of a negligent-credentialing claim and the underlying medical-malpractice claim avoids the problems of jury confusion or prejudice that may result from admitting evidence of prior acts of malpractice in a combined trial on both claims. Evidence of prior acts of malpractice by the doctor may be relevant to a negligent-credentialing claim . . . but presents the risk of unfair prejudice in determining whether the doctor committed malpractice ...” id. See also Beavis v. Campbell County Memorial Hospital, 20 P.3d 508, 514-15 (Wyo. 2011) (bifurcation of negligent hiring and supervision claims from medical malpractice trial was proper); Patterson v. Marshall 2009 WL 2341448 at *3 (Ky.Ct.App. 2009) (medical malpractice claim tried before and without reference to negligent credentiaiing claim).
Here, Milford is moving to bifurcate Dejesus’s negligent credentiaiing claim. Trial judges have discretion to separate parties, claims, and issues in order to avoid prejudice or in the interest of expedition and economy. See Mass.R.Civ.Pro. 42(b). If a juiy were to find that Nasifs negligence was not the proximate cause of Dejesus’s injuries, then Milford’s granting of staff privileges is not the cause of Dejesus’s injuries. See Schilling, 916 N.E.2d. at 1036. Therefore, in order to avoid prejudice and in the interests of expedition and economy, the court finds it appropriate to bifurcate the negligent credentiaiing claim against Milford from the medical malpractice claim against Nasif.
Additionally, the court finds staying discovery until there is adjudication of the underlying medical malpractice claim is also appropriate here. While again, the court is unable to find and the parties have not pointed to any cases dealing specifically with negligent credentiaiing and a motion to stay discovery, the Massachusetts Superior Court has previously recognized that allowing a motion to stay discovery for a claim for unfair settlement practices pending the outcome of the underlying tort or contract claim is appropriate. Kay Constr. Co. v. Control Point Assoc., 2002 WL 31187825 at *6 (Mass.Super. 2002) [15 Mass. L. Rptr. 203] (noting claim for violation of G.L.c. 93A against insurer is premature until insured has been found liable).
Here, like in a claim for unfair settlement practices, DeJesus must first succeed on his underlying claim for medical malpractice before he may pursue his claim for negligent credentiaiing. Allowing DeJesus to conduct discovery on his diverse claim against Milford for negligent credentiaiing prior to the adjudication of his medical malpractice claim would be complicated and wholly unnecessary if a jury were to find no negligence occurred. This is especially true here given the exhaustive nature of Dejesus’s discovery requests and the applicability of G.L.c. Ill, §§204 and 205, the “Peer Review Statute.” Therefore, the court finds, in the interests of expediency and economy, it appropriate to stay discovery until the adjudication of the medical malpractice claim against Nasif.
ORDER
For the foregoing reasons, it is hereby ORDERED that Milford’s Motion to Bifurcate and Stay Discovery be ALLOWED.

 However, the Massachusetts Superior Court has recognized that it is a permissible to sever unfair settlement claims from their underlying tort or contract actions. See Reardon v. Carter, 2007 WL 3261306 at *2-*5 (Mass.Super. 2007) [23 Mass. L. Rptr. 229], and the numerous cases therein.