Fahey, Elizabeth M., J.
This action arises from construction work allegedly done by Peerless’ insured, Performance Building, Inc. (“Performance”), at the plaintiffs condominium development project. Plaintiff has filed two earlier actions seeking compensatory damages and, has also filed this action against the various insurers whose insureds were allegedly involved in the property damage claims and! or claims of negligent construction of the project.
Gillis alleges that Peerless violated the provisions of G.L.c. 93A and 176D by acting in bad faith in the handling of his claim. Peerless now seeks to dismiss or at least stay the claim against it for unfair claims settlement actions, pending resolution of Gillis’ underlying action against Performance.
For the following reasons, it is hereby ORDERED that Peerless’ Motion to Dismiss or to Stay is DENIED.
BACKGROUND
Plaintiffs claims in the underlying lawsuit, including those related to the hardwood flooring, allegedly arise out of Performance’s alleged breach of a mediated settlement agreement executed on May 25, 2007. Peerless claims that it is unclear whether the mediated settlement agreement resolved all issues concerning Performance’s work on the hardwood floors. Peerless also asserts that dismissal is necessary as Peerless’ insured’s liability was not reasonably clear as a matter of law.
DISCUSSION
The matter is before this court on Peerless’ Motion to Dismiss or Alternatively to Stay the G.L.c. 93A and 176D claims. This court retains discretion to decide these matters based on convenience of adjudication, the avoidance of prejudice and the interests of expedition and economy. See Roddy & McNulty Ins. Agency, Inc. v. A.A. Proctor & Co., Inc., 16 Mass.App.Ct. 525, 529-30 (1983). Peerless advances a number of arguments in support of its motion. First, Peerless claims that the case must be dismissed because, as a matter of law, the liability of its insured is not reasonably clear. Second, it argues that the claims against it should be stayed because it is premature to proceed with them until the extent of liability in the claim against its insured is resolved. Peerless seeks a stay because allowing the claims to proceed together might allow the plaintiff to secure work product and privileged information that could be used in the underlying claim; because trying the claims against Peerless before the claims against Performance would overly complicate litigation and confuse a jury; and because judicial economy would be better served by conducting discovery on the G.L.c. 93A and 176D claims only after Performance’s liability is determined.
*540 A. Whether Dismissal of the Claims Is Required.
Given the exhibits Peerless attaches to its motion, including Exhibits B, a punch list, C & G, affidavits, E, Letter from Peerless dated June 22, 2007 and H, an email, requires that this motion be treated as a Rule 56 motion. See Reporter’s Notes to Mass.R.Civ.P. 12. Peerless’ claims at p. 10 that applicable exclusions that “can potentially bar coverage” are best addressed in a Rule 56 motion. Accordingly, this motion is denied without prejudice to being refiled as a Rule 56 motion.
B. Whether Stay of G.L.c. 93A and 176D Claims Is Appropriate and Required
Peerless’ first argument is that the claims are premature and should therefore be stayed because its insured’s liability has not yet been determined. G.L.c. 176D, §3(9)(f) states that failure to effectuate prompt, fair and equitable settlements in which liability has become reasonably clear is an unfair settlement practice. Chapter 176D does not provide a cause of action however. See Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 754 (1993); Sanchez, 2003 Mass.App.Div. 48 at *2. That is found in G.L.c, 93A, §9(1), which provides:
.. . any person whose rights are affected by another person violating the provisions of clause (9) of section three of chapter one hundred and seventy-six D may bring an action in the superior court, or in the housing court as provided in section three of chapter one hundred and eighty-five C whether by way of original complaint, counterclaim, cross claim or third party action, for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper.
Neither law requires that the liability of the insured party be determined before an unfair practices claim against the insurer can be pursued. See G.L.c. 93A, §9(1); G.L.c. 176D, §3(9). There are a number of cases, however, that advocate a stay of trial or discovery in unfair settlement practices cases involving claims against insurers until their insureds are found liable. See Gross v. Liberty Mut. Ins. Co., Mass.App.Ct. No. 84-0138 (Apr. 24, 1984). In Gross, for example, the Appeals Court, in a single justice decision, vacated a ruling of the Superior Court and stayed discovery in a G.L.c. 93A action until it was known whether the verdict returned by a jury in the underlying tort case was within the range of settlement already offered by insurer. See Mass.App.Ct. No. 84-0138 at *1. The justice determined that, until damages flowing from the insured’s liability were ascertained, it was premature to allow discovery in the unfair settlement practices claim. See id. See also Kay Constr. Co. v. Control Point Assocs., 15 Mass. L. Rptr. 203 at *6 (Mass.Super. 2002) (stating in dicta that it is appropriate to fashion protective orders in cases where a G.L.c. 93A claim against an insurer is premature until its insured has been found liable).
Precedent for decisions denying bifurcation of liability claims from bad faith failure to settle claims starts with Wyler v. Bonnell Motors, Inc., See 35 Mass.App.Ct. 563, 566 (1993). There, in reviewing a case that involved bifurcation of a common law claim and a G.L.c. 93A claim, the court did not reverse the trial judge’s decision, but remarked that “bifurcation of a common law claim and a c. 93A claim has little to commend it . . . It is not only possible, but it is the norm as well as the preferred practice for a judge to try common law and c. 93A questions simultaneously.” Id. In that case the common law and 93A claims were against the same party, but the principle of Wyler has been applied to a car accident case involving a tort claim against one defendant and an unfair claims settlement claim against the self-insured car rental agency that rented her a vehicle. See Sanchez v. Witham, 2003 Mass.App.Div. 48, *2. There, the Appellate Division upheld the trial judge’s denial of the rental company’s motion to sever and found that a single proceeding with independent phases was appropriate. See id. Both courts held that, in these cases, severance of claims can lead to the wasteful situation of conducting two separate trials with some of the same witnesses testifying to the same facts. See Wyler, 35 Mass.App.Ct. at 566; Sanchez, 2003 Mass.App.Div. 48 at *2. A single proceeding, with independent phases if necessary, is preferable if neither parly is unduly prejudiced. See Sanchez, 2003 Mass.App.Div. 48 at *2. See also Vasquez v. ELCO Admin. Sews., 14 Mass. L. Rptr. 173, *3 (Mass.Super. 2001) (denying co-defendant’s insurer from severing G.L.c. 93A and 176D claims against it from negligence claims against insured).
Most often, however, decisions to stay are limited to discovery issues. See Belcher v. Pawtucket Mut. Ins. Co., Mass.App.Ct. No. 89-J-672 (Sept. 27, 1989); Vasquez, 14 Mass. L. Rptr. 173 at *1-2; Bixby v. Allstate Ins. Co., 1986 Mass.App.Div. 118 (1986). In Belcher, another single justice opinion, the court stayed plaintiffs discovery from defendant insurance company of all memoranda and notes of its investigators or lawyers in connection with the plaintiffs underlying tort claim. See Mass.App.Ct.No. 89-J-672. Discovery of “other materials” was allowed, however. See id. Similarly, in Vasquez the court denied severance of the tort and unfair settlement practices claim but ordered a stay on further discovery with respect to the G.L.c. 93A and 176D claims pending further order of the court. See 14 Mass. L. Rptr. 173 at *1-2. The court was careful to point out, however, that not everything in the insurance company’s claims file was protected from discovery in the negligence action. See id. at *2. To prevent discovery, the insurance company would have to demonstrate that the information was protected work product or privileged. See id. at *2. See also Bixby, 1986 Mass.App.Div. 118 (discussing differing theories on the subject of staying action against an insurance company for unfair settlement practices *541 and deciding that the trial justice is in the best position to assess the possible prejudice to the defendant in discovery and the possible prejudice to the plaintiff by having to wait for a resolution to the underlying claim).
Other cases have allowed discovery to occur in the G.L.c. 93A and 176D claims while the underlying tort case proceeded. See Sanchez, 2003 Mass.App.Div. 48 at *3-4; Applegarth v. General Cinema, 15 Mass. L. Rptr. 38 at *1 (Mass.Super. 2002). When concurrent discovery is allowed, courts are careful to protect work product and information protected by attorney client privilege and appear to be successful at doing so. See Sanchez, 2003 Mass. App. Div. 48 at *3-4; Applegarth, 15 Mass. L. Rptr. 38 at *23. In Sanchez, discovery in the G. L. 93A and 176D was conducted concurrently with discovery in the underlying tort case. See 2003 Mass.App.Div. 48 at *3. When the insurer objected to discovery of information that might compromise the insured’s liability defense in the tort claim, the judge examined the documents in camera and ordered limited production. See id. In Applegarth, discovery in a slip and fall case against a cinema and concurrent G.L.c. 93A and 176D claims against the cinema’s insurer was conducted concurrently. See Applegarth, 15 Mass. L. Rptr. 38 at *1. When the insurer had concerns about several documents that contained work product relating to the slip and fall claim, see id. at *2 the court considered the documents and ultimately denied plaintiffs motion to compel them. See id. at *3; see also Rodriguez v. Alvelo, 2009 Mass.App.Div. 145, *2 (Dist.Ct. 2009) (stating defendant’s insurer was not automatically entitled to an immediate, general stay of discovery based on conclusory assertions of privilege and broad allegations of potential prejudice); Vasquez, 14 Mass. L. Rptr. 173 at *2 (stating that a blanket stay of discovery requested by defendant insurer was overly broad and that only information protected by work product doctrine or other privilege should be protected from disclosure).
Thus, while a stay of action or discovery in G.L.c. 93A and 176D claims until the underlying action is complete may be one way to manage these claims, it is not the only way and it is not required by Massachusetts law. See Rurak v. Med. Prof'l Ins. Co., No: 02-12274-PBS (D.Mass. 2003); Sanchez, 2003 Mass.App.Div. 48 at *3-4. The United States District Court for the District of Massachusetts acknowledged the practice of staying discovery in c. 93A claims until an insured has been found liable. See Rurak, No: 02-12274-PBS at *67. While the court acknowledged that trial courts have the discretion to stay such claims, it stated that they are not required to do so. See id. Sanchez and Applegarthhoth demonstrate that discovery in G.L.c. 93A and 176D claims can be conducted concurrently with discovery in underlying tort claims without prejudicing an insurer or forcing it to reveal privileged information or protected work product. See Sanchez, 2003 Mass.App.Div. 48 at *3-4; Applegarth, 15 Mass. L. Rptr. 38 at *3.
Peerless does not even argue in its motion to stay proceedings in the G.L.c. 93A and 176D claims that the interests of judicial economy would be best served by staying the claims until Performance’s liability is determined in the underlying action. However, the interests of judicial economy and fairness to the parties must be decided by the court on the basis of the information before it. At this stage, the court knows only that the plaintiff alleges property damage that allegedly occurred before the 2008 case was filed, that three separate lawsuits have been filed concerning the plaintiffs alleged loss and that more than five years have passed without the underlying claims being resolved. At this point there remains the prospect that a stay of discovery will lead to a second trial involving some of the same witnesses and some of the same testimony will be required. See Wyler, 35 Mass.App.Ct. at 566; Sanchez, 2003 Mass.App.Div. 48 at *2. Such a second trial will necessarily incur judicial resources as well as costs and expenses to all parties. At this point, Peerless has not persuaded this court that a stay is necessary or appropriate. Accordingly, Peerless’ motion to dismiss or, alternatively, to stay is denied.
Order
For the foregoing reasons, it is hereby ORDERED that defendant Peerless Insurance Company’s Motion to Dismiss and Stay is DENIED. This denial is without prejudice to Peerless seeking appropriate protective order(s) while the underlying case remains unresolved.